BSA INVESTMENTS, INC., et al., Appellees,

v.

DEPALMA et al.; Private Jet Management, Inc., Appellant.

[Cite as *BSA Invests., Inc. v. DePalma*, 173 Ohio App.3d 504, 2007-Ohio-4059.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 88811.

Decided Aug. 9, 2007.

Persky, Shapiro & Arnoff Co., L.P.A., Stewart D. Roll, and Paul R. Rosenberger, for appellees BSA Investments, Inc., et al.

Keith D. Weiner & Assoc. Co., L.P.A., and Gary Foster, for appellee American Express.

Chernett Wasserman Yarger & Pasternak, Matthew J. McCracken, and Jonathon M. Yarger, for appellant.

---

FRANK D. CELEBREZZE, JR., Administrative Judge.

{¶ 1} Appellant, Private Jet Management, Inc. ("PJM"), appeals the trial court's decision, which denied its motion to stay pending arbitration. After a thorough review of the arguments and for the reasons set forth below, we reverse and remand.

{¶ 2} The present case arose from a series of business dealings between BSA Investments, Bruce S. Adelstein, and Ultra Partnership (collectively "appellees") and John V. DePalma, AvBase Aviation, L.L.C., DePalma Holdings, L.L.C., and PJM (collectively "defendants"), regarding a private charter aircraft business. On August 1, 2000, Ultra Partnership ("Ultra") and AvBase entered into an aircraft-management agreement wherein Ultra agreed to purchase and AvBase agreed to provide services to operate and manage a private chartered aircraft on behalf of Ultra.

{¶ 3} After several years of what appellees believed to be questionable performance under the terms of the AvBase aircraft-management agreement, a dispute arose between BSA Investments and DePalma Holdings regarding the ownership and operation of Ultra. As a result, on December 28, 2005, DePalma transferred 25 percent of its interest in Ultra to BSA.

{¶ 4} After some time, the relationship between Ultra and AvBase began to deteriorate. Consequently, on February 1, 2006, Ultra and PJM entered into a subsequent aircraft-management agreement. This agreement superseded the previous aircraft-management agreement between Ultra and AvBase; however, it differed in the respect that it contained an arbitration clause.

{¶ 5} On March 23, 2006, appellees filed a complaint against defendants alleging breach of contract, breach of fiduciary duty, and other related claims deriving from the aircraft-management disagreement. On April 26, 2006, defendants filed an answer. In the answer, PJM argued that the trial court lacked subject-matter jurisdiction because the agreement entered into between the parties contained a provision requiring all disputes to go to arbitration before initiating court proceedings. In addition, the other defendants, with the excep-

tion of PJM, asserted counterclaims for breach of contract, unjust enrichment, defamation, fraudulent inducement, and abuse of process and accounting.

{¶ 6} On July 13, 2006, appellees filed an amended complaint asserting claims against American Express, which was added as a new defendant. On July 31, 2006, defendants answered the amended complaint. On August 17, 2006, PJM filed a motion to stay proceedings pending arbitration. On August 23, 2006, appellees filed a brief in opposition; American Express did so as well. On September 7, 2006, the trial court issued a decision denying PJM's motion to stay proceedings. It is from this decision that PJM appeals.

{¶ 7} "I. The trial court abused its discretion by denying Private Jet Management, LLC's motion to stay pending arbitration where: (1) a valid and controlling arbitration provision exists between Private Jet Management, LLC and plaintiff Ultra Partnership, LLC; and (2) Private Jet Management did not waive its right to arbitrate."

{¶ 8} PJM argues that the trial court abused its discretion when it denied its motion to stay proceedings pending arbitration. More specifically, it asserts that the arbitration provision contained in the contract mandated that the parties first submit to arbitration before initiating court proceedings. Lastly, PJM contends that the terms of the arbitration clause were valid and that it did not waive its rights to arbitration.

{¶ 9} To the contrary, appellees argue that PJM cannot enforce the arbitration agreement because not all the other parties involved in the action were parties to that agreement. Appellees also assert that PJM waived its right to arbitrate when it actively participated in the litigation process and failed to file a motion to stay proceedings in a timely manner. We do not agree with appellees' arguments.

{¶ 10} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 473 N.E.2d 264, quoting *Spalding v. Spalding* (1959), 355 Mich. 382, 384–385, 94 N.W.2d 810. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.

{¶ 11} The trial court abused its discretion when it denied PJM's motion to stay proceedings pending arbitration, despite the fact that other parties were

involved in the action. The arbitration provision contained in the contract between PJM and appellees provides:

{¶ 12} "This Agreement shall be governed by and construed in accordance with the laws of the state of Ohio (excluding conflicts of law principles), including all matters of construction, validity, and performance. Any claim or controversy that arises out of this Agreement, or is related to this Agreement, or the breach of it, shall be settled by arbitration in Cleveland, Ohio, before and in accordance with the rules of the American Arbitration Association. Judgment upon the award may be entered in any court with jurisdiction."

{¶ 13} Additionally, R.C. 2711.02 states:

{¶ 14} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

{¶ 15} Although appellees assert that the other parties involved in the action cannot be bound by an arbitration agreement that they were not a party to, the language of the clause clearly extends to PJM the right to arbitrate any claim or controversy arising out of the agreement. Similarly, the use of the word "shall" in R.C. 2711.02 requires the trial court to refer matters covered by a valid arbitration clause to arbitration.

{¶ 16} Although many of the parties involved in the present case did not agree to the arbitration clause, that did not strip PJM of its right to enforce the clause. In addition, the fact that PJM's legal counsel represented several other defendants in this case also had no effect on the enforcement of the clause. Although the appellees expressed concern in their argument that other parties might be contractually bound by the arbitration agreement, the clause pertains only to PJM; thus the remaining defendants are not bound by its terms.

{¶ 17} It is clear from the applicable law, as well as from the language of the arbitration clause, that although other parties were involved in the action, PJM still retained its right to arbitrate.

{¶ 18} In addition, PJM's actions did not constitute a waiver of its right to arbitration. As this court held in *Phillips v. Lee Homes* (Feb. 17, 1994), Cuyahoga App. No. 64353, 1994 WL 50696, waiver of the right to arbitrate occurs when a party to the contract is aware of the arbitration clause and acts inconsistently with its provisions.

{¶ 19} In the present case, when appellees initially asserted their complaint against defendants, PJM immediately filed an answer challenging the trial court's jurisdiction on the basis that the matter should first be submitted to arbitration. Although PJM did participate in the litigation process, it was not so involved as to take it outside the realm of the arbitration clause. PJM did not actively engage in discovery, nor did it file a counterclaim, as the remainder of the defendants in this case did.

{¶ 20} It is clear from PJM's initial answer, as well as from its minimal involvement in the litigation process, that it acted consistently with the terms of the clause and thus preserved its right to arbitrate.

{¶ 21} The trial court abused its discretion when it denied PJM's motion to stay proceedings pending arbitration. Accordingly, PJM's assignment of error is sustained.

{¶ 22} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GALLAGHER and ROCCO, JJ., concur.