MURRAY et al., Appellees,

v.

DAVID MOORE BUILDERS et al., Appellants.

[Cite as *Murray v. David Moore Builders, Inc.*, 177 Ohio App.3d 62, 2008-Ohio-2960.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 23821.

Decided June 18, 2008.

Scott H. Kahn and Scott J. Orille, for appellees.

Jack R. Baker and James F. Mathews, for appellants.

---

Dickinson, Judge.

## INTRODUCTION

{¶ 1} Timothy and Vicki Murray hired David Moore Builders, Inc. to build them a house. They signed a contract that included an arbitration clause. When the Murrays discovered defects in the house, they sued Moore as well as the architect. The architect was not a party to the builder's contract and had not agreed to arbitrate disputes. After answering the complaint and asserting that a valid arbitration provision applied, Moore moved the trial court for a stay pending arbitration of the Murrays' claims against it. The trial court denied the motion because "there are other parties and other claims involved that do not fall within the scope of this arbitration provision." Moore has appealed, arguing that the presence of other claims and parties in the litigation does not defeat its right to compel arbitration under the contract. The Murrays have responded, arguing that disputes with third parties fall outside the scope of the arbitration clause and asserting various alternative grounds for affirming the trial court's judgment. This court reverses the trial court's decision denying the stay because the presence of nonarbitrable claims and third parties to the litigation does not deprive Moore of its right to arbitrate under the contract. This court has not reviewed the Murrays' alternative arguments for affirmance of the trial court's judgment because they attack the enforceability of the arbitration clause. The trial court has not yet ruled on the enforceability of the provision and resolution of some of the Murrays' arguments may require factual findings. Therefore, this cause is reversed and remanded.

## FACTS

{¶ 2} The Murrays entered into a contract with Moore for the construction of a home in Hudson, Ohio. They separately contracted with Clough & Associates for architectural services. According to the Murrays, after they had lived in the home for about a year, they discovered various structural defects. They sued Moore and its principal for breach of contract, breach of warranty, negligence, breach of implied warranty, and violations of the Magnuson–Moss Warranty Act and the Ohio Consumer Sales Practices Act. They also sued the architectural firm and its principal for breach of contract and malpractice.

{¶ 3} Moore asserted mandatory arbitration as a defense in its response to the Murrays' complaint and moved the trial court, under R.C. 2711.01 and 2711.02 and Civ.R. 12, to dismiss or stay the proceeding pending arbitration of all claims.

Moore argued that the Murrays' claims "all relate to and arise out of the performance of" the contract between them and that the contract "requir[es] binding arbitration for 'claims, disputes or other matters in question between the parties'" to the contract and "arising out of [the contract] or the breach thereof." The Murrays responded with a variety of arguments attacking the applicability and enforceability of the arbitration provision.

{¶ 4} The trial court took the matter under advisement, and the case continued. The Murrays amended their complaint to include a prayer for rescission of the contract, and Moore's insurer, Cincinnati Insurance Company, intervened in the proceedings. The trial court later denied Moore's motion to stay the proceeding pending arbitration. In 2006, Moore appealed the denial of the stay. This court reversed the trial court's decision because it had not specified why it had denied the requested stay. *Murray v. David Moore Builders, Inc.*, 9th Dist. No. 23257, 2006-Ohio-6751, 2006 WL 3734294, at ¶ 11.

{¶ 5} On remand, the trial court again denied the stay, pointing out that only two of the four parties to the lawsuit were subject to the arbitration provision. The trial court held that "these are not disputes that must be arbitrated pursuant to the provision" because "there are other parties and other claims involved that do not fall within the scope of this arbitration provision."

{¶ 6} Moore has again appealed, arguing that the language of the contract and R.C. 2711.02 require arbitration of the Murrays' claims against it, regardless of the presence of other parties and claims. In response, the Murrays argue that disputes with third parties fall outside the scope of the arbitration clause and that there are various alternative grounds for affirming the trial court's decision. See *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272. This court reverses the denial of the stay because the presence of nonarbitrable claims and third parties to the litigation does not deprive Moore of its right to arbitrate under the contract. As the trial court has not yet ruled on the enforceability of the arbitration clause, the cause is remanded for further proceedings.

## SCOPE OF ARBITRATION PROVISION

{¶ 7} The primary question in this case is whether the Murrays' claims against Moore are arbitrable. "The arbitrability of a claim is a question of law, and we review the arbitrability of a claim de novo." *McManus v. Eicher*, 2d Dist. No. 2003–CA–30, 2003-Ohio-6669, 2003 WL 22927749, at ¶ 11, citing *Gaffney v. Powell* (1995), 107 Ohio App.3d 315, 319, 668 N.E.2d 951; *Church v. Fleishour Homes, Inc.*, 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795, at ¶ 19; see also *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, 875 N.E.2d 561, at ¶ 38 ("Contract interpretation is a matter of law, and questions of law are subject to de novo review on appeal"); *Cohen ex rel. Estate*

*of Ginsburg v. PaineWebber, Inc.* (Jan. 18, 2002), 1st Dist. No. C–010312, 2002 WL 63578, at *2.

{¶ 8} Ohio's public policy favoring arbitration is codified at R.C. Chapter 2711. Under R.C. 2711.01(A), a written arbitration clause "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." If a party moves to stay proceedings pending arbitration, pursuant to "an agreement in writing for arbitration," the court must first satisfy itself "that the issue involved in the action is referable to arbitration" under the agreement. R.C. 2711.02(B).

■ {¶ 9} In this case, there is no dispute that a written contract containing an arbitration clause governed the building of the Murrays' house. The contract called for Moore to provide home construction services to the Murrays. It contained an arbitration provision including the following language:

> In the event that any disputes arise between the parties as to the meaning or interpretations of any provisions of this agreement and the exhibits attached or if any disputes arise as to the proper performance of any part of the work in building the house and the parties are unable between themselves to resolve such disputes, it is mutually agreed that the parties will submit said disputes for arbitration. Any such arbitration proceeding shall be completely binding on the parties.

The Murrays have argued that the trial court correctly held that the scope of the arbitration provision did not include claims involving or relating to third parties. They have supported this argument by pointing out that the provision refers only to disputes that "can be resolved directly between the parties."

{¶ 10} The Ohio Supreme Court has indicated that when reviewing arbitrability of disputes under a written contract, "[d]oubts should be resolved in favor of coverage." *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, at ¶ 14 quoting *AT & T Technologies, Inc. v. Communications Workers of Am.* (1986), 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648. Based on a review of the contract language, this Court concludes that the arbitration provision only covers disputes between the parties to the contract, but involvement of nonparties in otherwise qualifying disputes does not remove those disputes from coverage of the provision.

■ {¶ 11} Under R.C. 2711.02(B), if a court is satisfied that the parties' claims are "referable to arbitration under an agreement in writing," the court must stay the proceeding until after arbitration has been had, regardless of whether the action also includes nonarbitrable claims. *Hussein v. Hafner & Shugarman Ents., Inc.*, 176 Ohio App.3d 127, 2008-Ohio-1791, 890 N.E.2d 356, at ¶ 47, quoting *Cheney v. Sears, Roebuck & Co.*, 10th Dist. No. 04AP–1354, 2005-

Ohio-3283, 2005 WL 1515388, at ¶ 12 ("when an action involves both arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues that are subject to arbitration are resolved."). If any of the claims are subject to an arbitration agreement, R.C. 2711.02 requires a stay of the proceeding, regardless of whether the dispute also involves parties who cannot be compelled to arbitrate. *BSA Invests., Inc. v. DePalma*, 173 Ohio App.3d 504, 2007-Ohio-4059, 879 N.E.2d 222, at ¶ 16–17; *DH–KL Corp. v. Stampp Corbin Corp.* (Aug. 12, 1997), 10th Dist. No. 97APE02–206, 1997 WL 467319, at *3; *Krafcik v. USA Energy Consultants, Inc.* (1995), 107 Ohio App.3d 59, 64, 667 N.E.2d 1027. Therefore, the presence of other parties and claims did not deprive Moore of its right to arbitrate qualifying disputes under the contract. To the extent that the Murrays' claims against Moore are subject to a valid arbitration provision, the trial court erred by denying the stay because of the presence of nonarbitrable claims and parties who cannot be compelled to arbitrate. Therefore, Moore's assignment of error is sustained.

## ALTERNATIVE ARGUMENTS FOR AFFIRMANCE

· ▉ {¶ 12} "[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306. In order to stay proceedings under Section 2711.02, a trial court must first determine that the parties agreed in writing to arbitrate disputes. See R.C. 2711.02(B). The court must also determine that the claims fall within the scope of a valid arbitration provision in order to be "satisfied that the issue involved in the action is referable to arbitration." R.C. 2711.02(B).

▉▉ {¶ 13} Regardless of whether the trial court is considering a motion for stay pending arbitration under Section 2711.02 or to compel arbitration under Section 2711.03, the trial court must "determine ultimately whether an arbitration provision is enforceable (and * * * be 'satisfied' that the relief sought is appropriate before issuing the order)." *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, at ¶ 17, quoting R.C. 2711.02(B) and 2711.03(A); *Harrison v. Toyota Motor Sales U.S.A., Inc.* (Apr. 10, 2002), 9th Dist. No. 20815, 2002 WL 533478, at *2 ("the trial court must make a determination as to the validity of the arbitration clause"); see also *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, at ¶ 16. If a trial court grants a stay, an explicit finding of enforceability is not required, because it is implied. *George Ford Constr., Inc. v. Hissong*, 9th Dist. No. 22756, 2006-Ohio-919, 2006 WL 475293, at ¶ 9. The converse, however, is not true. A denial of a requested stay on the basis of the scope of the provision does not imply that the court made any determination as to the validity of the provision.

{¶ 14} The Murrays have raised various arguments that they assert provide alternative bases for affirming the judgment of the trial court. Each of these arguments attacks the enforceability of the arbitration clause. They have argued that the arbitration clause is not enforceable in regard to their statutory claims. They have further argued that the arbitration provision is not enforceable as applied to any of their claims, because (1) it violates Ohio public policy, (2) Moore did not sign the contract, and (3) the company waived its right to arbitration. The trial court has not ruled on these arguments, having denied the stay based on the scope of the provision, rather than the enforceability of the clause. As the trial court has not yet ruled on enforceability and some of the arguments may require findings of fact, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

## CONCLUSION

{¶ 15} The trial court erred in denying the stay of proceedings pending arbitration because neither the presence of other parties to the dispute nor the presence of nonarbitrable claims between the parties to the contract stripped Moore of its right to compel arbitration. The trial court's decision, however, was based only on the question of whether the claims fell within the scope of the arbitration provision without consideration of whether the provision is enforceable. Therefore, this court reverses the denial of the stay and remands the cause for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOORE, P.J., and SLABY, J., concur.