[Cite as *Marquez v. Koch*, 2012-Ohio-5466.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

Larry D. Marquez,                           :
                                            :        Case No. 11CA3283
        Plaintiff-Appellee,                 :
                                            :        DECISION AND
        v.                                  :        JUDGMENT ENTRY
                                            :
William J. Koch, et al.,                    :
                                            :
        Defendants-Appellants.              :        Filed:  November 19, 2012
_____

APPEARANCES:

Chad E. Burton, Tony M. Alexander, and Brandon Cogswell, Burton Law LLC,
Beavercreek, Ohio, for Appellants American Finco Financial Services, LLC, Peter
Kanatzar, and John Does, Representatives of American Finco Financial Services, LLC.

D. Dale Seif, Jr. and Jason Shugart, Seif & Shugart, LLC, Waverly, Ohio, for Appellee
Larry D. Marquez.

_____

Kline, J.:

        {¶1}    American Finco Financial Services, LLC (hereinafter "American"), Peter

Kanatzar, and John Does, Representatives of American,[1] appeal the judgment of the

Ross County Court of Common Pleas, which denied Appellants' motion to stay the

proceedings.  Appellants contend that the presence of arbitrable claims required the trial

court to grant the motion to stay.  Because a stay was required under R.C. 2711.02(B),

we agree.  Accordingly, we reverse the judgment of the trial court and remand this

cause to the trial court for further proceedings consistent with this opinion.

_____

[1] Hereinafter, we will refer to American, Kanatzar, and John Does collectively as
"Appellants."

I.

{¶2}    The dispute in this case generally revolves around the purchase of a water-filtration system by Larry Marquez (hereinafter "Larry") and Ann Marquez (hereinafter "Ann").  (We will refer to Larry and Ann collectively as "Appellees.")

{¶3}    Appellees allege that they entered into an agreement with Wm. Koch and Sons, Inc. (hereinafter "Koch") for the purchase and installation of a water-filtration system.  In order to finance the transaction, Larry entered into a financing agreement with American.  The financing agreement contained an arbitration provision.  Ann did not sign the financing agreement.

{¶4}    Appellees claim that Koch did not properly install the water-filtration system.  As a result, Appellees filed suit against various entities and individuals, including Appellants.  Appellees assert multiple claims for relief.  For purposes of this appeal, we note that Appellees allege that Appellants engaged in various unfair and deceptive trade practices.

{¶5}    On October 19, 2010, Appellants moved to compel arbitration and to stay the proceedings pending the outcome of the arbitration.  And on August 22, 2011, the trial court found (1) that Larry entered into an arbitration agreement with American and (2) that Larry's "arbitrational agreement is enforceable only against [Appellants]." August 22, 2011 Judgment Entry.  The trial court also determined that Ann did not enter into an arbitration agreement.  Moreover, the trial court ruled that Ann's claims and Larry's non-arbitrable claims were to "proceed through the normal course of scheduling in [the trial] court." *Id.*  Thus, the trial court declined to stay the proceedings of the non-arbitrable claims pending arbitration of Larry's arbitrable claims.

{¶6} Appellants appeal and assert the following assignment of error: "THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO STAY THE PROCEEDINGS PENDING ARBITRATION."

II.

{¶7} In their sole assignment of error, Appellants argue that the trial court erred by failing to stay the proceedings pending arbitration of Larry's arbitrable claims.

{¶8} "Generally, absent an abuse of discretion, a reviewing court should not disturb a trial court's decision regarding a motion to stay proceedings pending arbitration." *K.M.P., Inc. v. Ohio Historical Soc.*, 4th Dist. No. 03CA2, 2003-Ohio-4443, ¶ 14. An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} "It is well-established that Ohio and federal courts encourage arbitration to settle disputes." *Cheney v. Sears, Roebuck and Co.*, 10th Dist. No. 04AP-1354, 2005-Ohio-3283, ¶ 6. Additionally, "[t]his strong public policy position is further encouraged by the Ohio legislature, as reflected by R.C. 2711.02, which provides that a court shall stay trial proceedings to allow for arbitration when an action is brought upon any issue referable to arbitration." *Id.* Specifically, R.C. 2711.02(B) provides as follows:

> If any action is brought upon any issue referable to
> arbitration under an agreement in writing for
> arbitration, the court in which the action is pending,
> upon being satisfied that the issue involved in the
> action is referable to arbitration under an agreement

in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

Thus, "[g]iven both the judicial and legislative predisposition to resolving disputes by arbitration, a party opposing a motion to stay proceedings pending arbitration has a heavy burden." *Cheney* at ¶ 6.

{¶10} The plain language of R.C. 2711.02(B) demonstrates that a stay was warranted pending arbitration of Larry's arbitrable claims. As stated above, R.C. 2711.02(B) provides that the trial court, "upon being satisfied that the issue involved in the action is referable to arbitration * * * *shall* on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement[.]" (Emphasis added.) And usually, we interpret a provision containing the word "shall" as mandatory. *See Florkey v. Malott*, 4th Dist. No. 11CA9, 2011-Ohio-5199, ¶ 20. Thus, because the trial court found that Larry's claims against Appellants were arbitrable, the court should have stayed the proceedings pending arbitration of Larry's arbitrable claims. *See Krafcik v. USA Energy Consultants, Inc.*, 107 Ohio App.3d 59, 64, 667 N.E.2d 1027 (8th Dist.1995) ("The language of [R.C. 2711.02] is mandatory and it 'shall' be enforced. * * * As USA, the party applying for the stay, is not in default in proceeding with arbitration, its motion for a stay must be granted under the statute.").

**{¶11}** Moreover, the presence of non-arbitrable claims and parties not subject to an arbitration agreement does not justify the denial of Appellants' motion to stay. *See Murray v. David Moore Builders, Inc.*, 177 Ohio App.3d 62, 2008-Ohio-2960, 893 N.E.2d 897, ¶ 11 (9th Dist.) ("To the extent that the Murrays' claims against Moore are subject to a valid arbitration provision, the trial court erred by denying the stay because of the presence of nonarbitrable claims and parties who cannot be compelled to arbitrate."); *Cheney* at ¶ 12 ("Pursuant to R.C. 2711.02, when an action involves both arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues that are subject to arbitration are resolved."); *see also Hussein v. Hafner & Shugarman Ents., Inc.*, 176 Ohio App.3d 127, 2008-Ohio-1791, 890 N.E.2d 356, ¶ 47 (6th Dist.); *BSA Invests., Inc. v. DePalma*, 173 Ohio App.3d 504, 2007-Ohio-4059, 879 N.E.2d 222, ¶¶ 8-9, 16-17, 21 (8th Dist.); *Krafcik* at 64; *Glenmoore Builders, Inc. v. Kennedy*, 11th Dist. No. 2001-P-0007, 2001 WL 1561742, *5-6 (Dec. 7, 2001); *DH-KL Corp. v. Stampp Corbin Corp.*, 10th Dist. No. 97APE02-206, 1997 WL 467319, *3 (Aug. 12, 1997).

**{¶12}** We have recognized that a stay may not be appropriate when all the arbitrable claims in a case are derivative of the non-arbitrable claims. *See Slusher v. Ohio Valley Propane Servs.*, 177 Ohio App.3d 852, 2008-Ohio-41, 896 N.E.2d 715, ¶ 26 (4th Dist.). This is so because, until the non-arbitrable claims are resolved, "there is nothing to arbitrate." *Id.* That is not the case here, however. Larry asserts direct claims against Appellants based on Appellants' allegedly unfair and deceptive trade practices. We acknowledge that Larry also asserts derivative claims against Appellants. Nevertheless, this is not a case where all of Larry's arbitrable claims are derivative of

non-arbitrable claims. Thus, there is something to arbitrate, and *Slusher* does not apply.

**{¶13}** Appellees argue that the trial court did not err because Ann did not agree to arbitrate any claims against Appellants. Appellees' argument, however, avoids the issue before us. Appellants do not argue that the trial court should have compelled Ann to arbitrate. Instead, Appellants argue that the trial court erred by not staying the proceedings pending resolution of Larry's arbitrable claims. The mere fact that Ann's claims against Appellants are not subject to arbitration does not justify the trial court's denial of Appellants' motion to stay. *See Murray* at ¶ 11; *see also DH-KL Corp.* at *3 ("[T]he trial court did *not* order any of the remaining appellees (other than SCC) to submit to arbitration. It simply stayed the proceedings, pending the arbitration process that involved SCC and DH-KL.") (Emphasis sic.).

**{¶14}** Appellees also argue that Larry was fraudulently induced into signing the financing agreement. Appellees claim that Larry signed the financing agreement based on misrepresentations regarding Koch's authorized-dealer status, Koch's competency to perform the requested work, and Koch's authorization to work in Ohio. "'A claim that the contract containing the arbitration clause was induced by fraud does not defeat a motion to compel arbitration unless the claimant can demonstrate specifically that the arbitration clause itself was fraudulently induced.'" *Krafcik*, 107 Ohio App.3d at 63, 667 N.E.2d 1027, quoting *Matter of Mgt. Recruiters Internatl., Inc. and Nebel*, 765 F.Supp. 419, 420 (N.D.Ohio 1991); *see also ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 502, 692 N.E.2d 574 (1998). Here, there is no evidence that the arbitration clause itself

was fraudulently induced.  Therefore, Appellees cannot show that the trial court erred by referring Larry's claims to arbitration in spite of the alleged misrepresentations.

{¶15}  For the reasons stated above, we conclude that the trial court abused its discretion when, after determining that some of Larry's claims were arbitrable, the court failed to grant Appellants' motion to stay pending arbitration.  Accordingly, we sustain Appellants' assignment of error, reverse the judgment of the trial court, and remand this cause to the trial court for further proceedings consistent with this opinion.

**JUDGMENT REVERSED
AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED and that this CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment & Opinion.


                              For the Court


                              BY:_____
                                   Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**