[Cite as *Maclin v. Greens Nursing & Assisted Living, L.L.C.*, 2014-Ohio-2538.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101085**

---

## LISA MACLIN, ADMINISTRATRIX OF THE ESTATE OF BERTHA L. THOMAS, DECD.

PLAINTIFF-APPELLEE

vs.

## GREENS NURSING AND ASSISTED LIVING, L.L.C., ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-801107

**BEFORE:** Keough, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 12, 2014

**ATTORNEYS FOR APPELLANTS**

Paul W. McCartney
Jessica C. Pratt
Rendigs, Fry, Kiely & Dennis, L.L.P.
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202

**ATTORNEYS FOR APPELLEE
LISA MACLIN**

Richard V. Zurz
Martin S. Delahunty, III
Slater & Zurz, L.L.C.
One Cascade Plaza
Suite 2210
Akron, Ohio 44308

**ATTORNEYS FOR APPELLEE
UNIVERSITY HOSPITALS OF CLEVELAND MEDICAL CENTER**

Ernest W. Auciello
Jane F. Warner
Tucker Ellis, L.L.P.
950 Main Avenue
Suite 1100
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1; App.R. 11.1(E).

**{¶2}** Defendants-appellants, the Greens Nursing and Rehabilitation Center, Greens Nursing and Assisted Living, L.L.C., and Kindred Nursing Centers East, L.L.C. ("the Greens defendants"), appeal from the trial court's judgment granting in part and denying in part their motion to stay proceedings pending arbitration. The Greens defendants contend that the trial court erred in not staying all claims pending arbitration. Plaintiff-appellee, Lisa Maclin, concedes the trial court's error. We reverse and remand with instructions that the trial court enter an order staying all proceedings until the parties' arbitrable claims have been resolved.

## I. Background

**{¶3}** Bertha L. Thomas was a resident at the Greens Nursing and Rehabilitation Center from November 8, 2011 through January 20, 2012, when she was transported to the hospital, where she died a few days later. In February 2012, Maclin, as administratrix of Thomas's estate, filed suit against the Greens defendants asserting survivorship and wrongful death claims relating to Thomas's treatment while she was in the care of the Greens defendants and her subsequent death.

**{¶4}** The Greens defendants filed answers to Maclin's complaint and subsequent

amended complaint, and in both answers, asserted as an affirmative defense that Maclin's claims are subject to a binding arbitration agreement signed by Thomas's legal representative on November 8, 2011. The Greens defendants subsequently moved to stay all proceedings pending arbitration pursuant to the arbitration agreement and R.C. 2711.02.

{¶5} The trial court granted the motion in part and denied it in part. Specifically, it stayed the proceedings regarding the survivorship claims but denied the motion as to the wrongful death claims, finding that those claims were not subject to arbitration. This appeal followed.

## II. Analysis

{¶6} In their only assignment of error, the Greens defendants assert that the trial court erred in not staying all claims, both arbitrable and non-arbitrable, until the claims subject to arbitration under the parties' arbitration agreement have been resolved through arbitration.

{¶7} Generally, absent an abuse of discretion, a reviewing court should not disturb a trial court's decision regarding a motion to stay proceedings pending arbitration. *K.M.P., Inc. v. Ohio Historical Soc.*, 4th Dist. Jackson No. 03CA2, 2003-Ohio-4443, ¶ 14. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶8} It is well established that Ohio and federal courts encourage arbitration to

settle disputes. *Marquez v. Koch*, 4th Dist. Ross No. 11CA3283, 2012-Ohio-5466, ¶ 9.

This strong public policy position is set forth in R.C. 2711.02(B), which provides that

> [i]f any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶9} As is apparent from the language of the statute, when a trial court determines that certain claims are subject to arbitration, it must stay the entire proceeding until those claims have been arbitrated, even though the action may involve both arbitrable and non-arbitrable claims. *Cheney v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 04AP-1354, 2005-Ohio-3283, ¶ 12 ("[W]hen an action involves both arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues that are subject to arbitration are resolved."); *Murray v. David Moore Bldrs., Inc.*, 177 Ohio App.3d 62, 2008-Ohio-2960, 893 N.E.2d 897, ¶ 11 (9th Dist.) (to the extent there were claims subject to a valid arbitration provision, the trial court erred by denying a stay due to the presence of non-arbitrable claims and parties not subject to the arbitration agreement); *Pyle v. Wells Fargo Financial*, 10th Dist. Franklin No. 05AP-644, 2005-Ohio-6478, ¶ 12 (a presumption favoring arbitration over litigation applies even when the case involves some arbitrable and some non-arbitrable claims, with non-arbitrable claims being determined by a court after completion of arbitration); *Marquez* at ¶ 11 ("[T]he presence of non-arbitrable claims and parties not subject to an

arbitration agreement does not justify the denial of appellants' motion to stay.").

{¶10} Wrongful death claims are not subject to arbitration. *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258) (a decedent cannot bind his or her beneficiaries to arbitrate their wrongful death claims). Nevertheless, Maclin concedes on appeal that the Greens defendants were entitled to a stay of all proceedings upon the trial court's judgment that the arbitration agreement was valid and enforceable as to the survivorship claims.

{¶11} The assignment of error is sustained. The trial court erred in not staying all proceedings pending resolution by arbitration of the survivorship claims.

{¶12} The judgment is reversed, and the matter is remanded to the trial court with instructions to enter an order staying all proceedings until the arbitrable claims have been resolved.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR

KEY WORDS:
# 101085

Arbitration; stay; survivorship claims; wrongful death claims; arbitrable; non-arbitrable. Trial court erred in not staying all proceedings pending arbitration; because the survivorship claims were subject to arbitration, the trial court should have stayed all proceedings until those claims were resolved, even though the wrongful death claims were not subject to arbitration.