[Cite as *Wolcott v. Summerville at Outlook Manor, L.L.C.*, 2016-Ohio-1237.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Wolcott, | : | |
| Plaintiff-Appellee, | : | No. 15AP-550 |
| | | (C.P.C. No. 14CV-9173) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Summerville at Outlook Manor, LLC d.b.a Emeritus at Outlook Manor et al., | : | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

D E C I S I O N

Rendered on March 24, 2016

**On brief:** *Lamkin, Van Eman, Trimble & Dougherty, LLC, Thomas W. Trimble*, and *Kathy A. Dougherty*, for appellee. **Argued:** *Thomas W. Trimble.*

**On brief:** *Marshall, Dennehey, Warner, Coleman & Goggin, Keith Hansbrough*, and *Kenneth W. McCain*, for appellants. **Argued:** *Keith Hansbrough.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} The trial court denied a motion to compel arbitration and stay proceedings in this wrongful death and survivorship action arising out of a nursing home death. Defendants-appellants, Summerville at Outlook Manor, LLC, d.b.a Emeritus at Outlook Manor; Brookdale Senior Living, Inc.; and Brookdale Senior Living Communities, Inc. (hereinafter collectively "appellants"), now appeal, seeking plenary enforcement of a contractual arbitration clause.

I.  **Facts and Procedural History**

{¶ 2}   Plaintiff-appellee, Michael Wolcott, in his capacity as executor of the estate of Carol Wolcott ("decedent"), began this action with a complaint stating claims for wrongful death and negligence against appellants.  The complaint alleges that decedent resided at a nursing home or senior care facility operated by appellants, and suffered pain, suffering, and emotional distress, followed by a premature death after a fall caused by appellants' negligence.  The claims consist of a survivorship claim on behalf of the estate and wrongful death claim on behalf of the beneficiaries of decedent.

{¶ 3}   Appellants answered and filed a motion to stay judicial proceedings and compel arbitration.  Appellants asserted that a valid arbitration agreement governed all claims.   Appellee responded that the arbitration agreement was not executed by a competent party and was unenforceable.

{¶ 4}   The trial court rendered a decision and entry that generally denies the motion to stay and compel.  Despite the fact that the entry concludes with this general denial, the court did partially agree with appellants by initially finding that decedent's survivorship claims are subject to arbitration.  The court determined that, although decedent had not personally executed the arbitration agreement as part of the documentation that accompanied her initial admission to a care facility, appellee, as her son and holder of a limited power of attorney for health-care purposes, had authority to execute the agreement on her behalf.  While the court did not expressly compel arbitration in the survivorship action, the court's determination of arbitrability is clear enough on the face of the decision.

{¶ 5}   With respect to the wrongful death claim, however, the trial court concluded that the wrongful death beneficiaries were not parties to the arbitration agreement and could not be compelled to arbitrate their claims.  The trial court then refused to stay further litigation on the wrongful death claim while the survivorship action proceeded to arbitration.

## II.  Assignments of Error

{¶ 6}   Appellants timely appeal the trial court's refusal to apply the arbitration agreement to the wrongful death claim and to globally stay the matter, bringing the following assignments of error:

[I.] THE TRIAL COURT ERRED BY FAILING TO DETERMINE THAT ALL CLAIMS BROUGHT BY PLAINTIFFS, INCLUDING THE WRONGFUL DEATH CLAIMS, ARE SUBJECT TO THE ARBITRATION AGREEMENT.

[II.] IN THE ALTERNATIVE, THE TRIAL COURT ERRED BY NOT STAYING THE ENTIRE MATTER PENDING COMPLETION OF ARBITRATION OF THE CLAIMS IT DETERMINED WERE SUBJECT TO THE ARBITRATION AGREEMENT, AS REQUIRED BY R.C. 2711.02, *DH-KL V. STAMPP CORBIN, ET AL.,* 10th DIST. FRANKLIN NO. 97APE02-206, 1997 OHIO APP. LEXIS 3629 (AUG. 12, 1997), AND *HARRISON V. WINCHESTER PLACE NURSING & REHABILITATION CENTER,* 10th DIST. FRANKLIN NO. 12AP-327, 2013-OHIO-3163.

## III. Discussion

{¶ 7}   Although appellee's brief on appeal makes clear he does not agree that the arbitration agreement was validly executed, appellee has not cross-appealed the trial court's determination that the survivorship action is subject to arbitration.  As a result, we will not revisit that aspect of the trial court's decision.

{¶ 8}   Although the present matter does not dispose of all claims against all parties, it is a final appealable order, pursuant to R.C. 2911.02(B) and (C), even though the trial court has not appended Civ.R. 54(B) language.  *Mynes v. Brooks,* 124 Ohio St.3d 13, 2009-Ohio-5946.

{¶ 9}   Appellants' first assignment of error addresses the scope of the arbitration agreement and the trial court's exclusion of the wrongful death claims therefrom.  This agreement generally provides that all tort and contract claims arising out of the provision of assisted living and healthcare services "shall be resolved exclusively by binding arbitration and not by lawsuit or resort to judicial process."  (Emphasis omitted.)  The agreement further provides that to "the fullest extent permitted by law, this Arbitration Agreement shall apply to third parties not signatories to this Agreement, including any spouse, heirs, or persons claiming through the Resident."  (Appellants' Mar. 5, 2015 Motion to Compel, exhibit No. 1.)

{¶ 10} The trial court refused to give effect to this arbitration provision that attempts to bind the beneficiaries and force arbitration of the wrongful death claim. The court noted that the beneficiaries did not sign or consent to the arbitration clause, and were not bound by the agreement's self-effectuating attempt to extend its reach to persons not involved in its execution.

{¶ 11} Appellants concede that the Supreme Court of Ohio's decision in *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, is squarely on point and would compel affirmance of this issue in the case. In *Peters*, the Supreme Court addressed the question of whether "the personal representative of a decedent's estate is required to arbitrate a wrongful-death claim when the decedent had agreed to arbitrate all claims against the alleged tortfeasor." *Id.* at ¶ 1. The Supreme Court held that the personal representative was not so bound: "[a] survival action brought to recovery for a decedent's own injuries before his or her death is independent from a wrongful-death action seeking damages for the injuries that the decedent's beneficiaries suffer as a result of the death, even though the same nominal party prosecutes both actions." *Id.* at paragraph one of the syllabus. As a result, "[a] decedent cannot bind his or her beneficiaries to arbitrate their wrongful-death claims." *Id.* at paragraph two of the syllabus. The Supreme Court acknowledged that its holding in *Peters* was in derogation of the general public policy in Ohio favoring arbitration as an expedient and economical procedure for resolving disputes, but concluded that, however much arbitration is favored, it cannot be "imposed on the unwilling." *Id.* at ¶ 20.

{¶ 12} We acknowledge that the holding in *Peters*, while clearly defining the law of Ohio, is by no means universal across other jurisdictions, where the governing law regarding wrongful death claims in general can vary materially. *See generally Peters* at ¶ 14; *see, e.g., Laizure v. Avante at Leesburgh, Inc.*, 109 So.3d 752, 759-62 (Fla.2013); *Ballard v. S.W. Detroit Hosp.*, 119 Mich.App. 814 (1982); *Ruiz v. Podolsky*, 50 Cal.4th 848 (2010). Ohio, however, is by no means alone in refusing to compel arbitration in such cases, particularly in states in which the underlying law governing the source and nature of wrongful death actions is comparable to Ohio's scheme. *Woodall v. Avalon Care Ctr.-Fed. Way, LLC*, 155 Wash.App. 919 (2010), citing *Peters*; *Lawrence v. Beverly Manor*, 273 S.W.3d 525 (Mo.2009).

{¶ 13} Because *Peters* is still good law and clearly settles the law of Ohio on this issue, appellants seek to free us from this binding precedent by asserting that *Peters* is superseded by the United States Supreme Court's later decision in *Marmet Health Care Ctr. Inc. v. Brown*, __ U.S. __, 132 S.Ct. 1201 (2012). *Marmet Health* involved a West Virginia Supreme Court decision holding that, as a matter of public policy arising under the West Virginia Nursing Home Act, any arbitration agreement purporting to govern actions arising out of the health and well-being of nursing home residents would not be enforced. *Brown v. Genesis Healthcare Corp.*, 228 W.Va. 646 (2011). The United States Supreme Court vacated the state's high court decision and held that "West Virginia's prohibition against predispute agreements to arbitrate personal-injury or wrongful-death claims against nursing homes is a categorical rule prohibiting arbitration of a particular type of claim, and that rule is contrary to the terms and coverage of the [Federal Arbitration Act ("FAA"), codified at 9 U.S.C. 1 et seq]." *Marmet Health* at 1203-04.

{¶ 14} As with the federal policy expressed in the FAA, Ohio's public policy encourages arbitration to settle disputes. *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711-12 (1992); Ohio Arbitration Act, R.C. Chapter 2711. Courts will therefore indulge a strong presumption in favor of arbitration when the disputed issue falls within the scope of the arbitration agreement. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471 (1998). However, " 'an arbitration provision may be held unenforceable under [R.C. 2711.01(A)] on "grounds that exist at law or in equity for the revocation of any contract." ' " (Bracketed alterations in *Wascovich*.) *Harrison v. Winchester Place Nursing & Rehab. Ctr.*, 10th Dist. No. 12AP-327, 2013-Ohio-3163, ¶ 14, quoting *Wascovich v. Personacare of Ohio, Inc.*, 190 Ohio App.3d 619, 2010-Ohio-4563, ¶ 24 (11th Dist.), quoting *Ball v. Ohio State Home Servs., Inc.*, 168 Ohio App.3d 622, 2006-Ohio-4464, ¶ 6 (9th Dist.). One fundamental consideration in such an attack on enforceability is "whether the parties agreed to arbitrate the issue." *Academy of Medicine v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, ¶ 19.

{¶ 15} In deference to these longstanding principles applying contract law when considering the enforceability of arbitration agreements, the United States Supreme Court expressly limited its holding in *Marmet Health* by noting that a ban on categorical arbitration bans did not preclude such case-by-case invalidation on traditional

contractual grounds: the West Virginia courts could still "consider whether, absent that general public policy, the arbitration clauses * * * are unenforceable under state common law principles that are not specific to arbitration and [not] pre-empted by the FAA." *Id.* at 1204.

{¶ 16} In light of this, two Ohio appellate court have examined the impact of *Marmet Health* on Ohio law and concluded that it does not stand for the blanket elimination of existing Ohio arbitration law as an infringement of the FAA, at least when there is no conflict between the FAA and state law on a given issue. In *Arnold v. Burger King*, 8th Dist. No. 101465, 2015-Ohio-4485, ¶ 20-22, the court concluded that Ohio common law regarding unconscionability of agreements, which had been invoked to vacate the arbitration clause in question, was not displaced by *Marmet Health*. In a case directly on point with our own, the Fifth Appellate District also agrees that *Peters* is not superseded by *Marmet Health* because "the holding in *Peters* was based on common law principles governing contracts and found that only signatories to an arbitration agreement are bound by its terms." *McFarren v. Emeritus at Canton*, 5th Dist. No. 2013CA00040, 2013-Ohio-3900, ¶ 29. "The holding in *Peters* requiring a real party in interest to sign an arbitration agreement for such agreement to be enforceable is not in conflict with the FAA as the FAA states arbitration agreements are enforceable except 'upon such grounds as exist at law or in equity for the revocation of any contract.' " *Id.*, quoting 9 U.S.C. 2.

{¶ 17} These Ohio appellate decisions are persuasive. They acknowledge the general obligation under both Ohio and federal law to favor arbitration, but also note the continuing viability of common-law exceptions that prevent inequitable enforcement of arbitration. These include instances when the contract to arbitrate is invalid or inapplicable for the reasons that would preclude enforcement of any other type of contract. We accordingly find that the trial court did not err in finding the current arbitration agreement is inapplicable to the wrongful death action in this case. Our conclusion is directly governed and mandated by the Supreme Court's holding in *Peters* and we fully agree with the reasoning in *McFarren* and *Arnold* regarding the inapplicability of *Marmet Health* to alter Ohio law on this point. Appellants' first assignment of error is overruled.

{¶ 18} Appellants' second assignment of error asserts that, assuming the trial court correctly referred only the survivorship action to arbitration, the court erred in refusing to stay proceedings in the pending wrongful death action and await the outcome of the arbitration proceedings. Appellants assert that prior decisions of this court make such a stay mandatory.

{¶ 19} In our review of a trial court's grant or denial of an R.C. 2711.02(B) order granting a stay to allow execution of an arbitration agreement, we generally apply an abuse of discretion standard. *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, ¶ 15 (10th Dist.). On issues of law, however, we may undertake a de novo review. *Hudson v. John Hankcock Fin. Servs.*, 10th Dist. No. 06AP-1284, 2007-Ohio-6997, ¶ 8; *see also Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. No. 10AP-353, 2011-Ohio-80.

{¶ 20} Appellants assert that several decisions from this court address mixed arbitrable and non-arbitrable claims and parties, and view a global stay in such cases as mandatory:

> Most important to our decision is the fact that the trial court did not hold that *all* of appellants' claims are subject to arbitration as appellants have indicated. Rather, the trial court concluded that "some of plaintiff's claims are clearly within the scope of contracts containing valid arbitration provisions. Accordingly, this entire case must be stayed until the arbitration is resolved." * * * Pursuant to R.C. 2711.02, when an action involves both arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues that are subject to arbitration are resolved.

(Emphasis sic.) *Cheney v. Sears, Roebuck & Co.*, 10th Dist. No. 04AP-1354, 2005-Ohio-3283, ¶ 12, citing *DH-KL Corp. v. Corbin*, 10th Dist. No. 97AP-206 (Aug. 12, 1997); *McGuffey v. Lenscrafters, Inc.*, 141 Ohio App.3d 44 (12th Dist.2001); and *Scotts Co. v. Warburg, Pincus Ventures*, 3d Dist. No. 14-2000-19 (Nov. 15, 2000). In *DH-KL*, we concluded that the global stay is mandated by the policy favoring arbitration, and the need to avoid allowing parties to circumvent arbitration by adding defendants who are not subject to the arbitration agreement: " '[I]t would be patently unfair to permit a plaintiff who has agreed to arbitration to escape that agreement by adding a defendant who is not

a party to the arbitration contract.' "  *Id.*, quoting *Krafcik v. USA Energy Consultants, Inc.*, 107 Ohio App.3d 59, 64 (8th Dist.1995).

{¶ 21} We more recently reached the same conclusion in *Harrison v. Winchester Place Nursing & Rehab. Ctr.*, 10th Dist. No. 12AP-327, 2013-Ohio-3163, ¶ 23-24:

> [I]f any of the claims are subject to an arbitration agreement, R.C. 2711.02 requires a stay of the trial proceedings, regardless of whether the dispute also involves parties who are not a party to the agreement and who cannot be compelled to arbitrate. [*Murray v. David Moore Builders, Inc.*, 177 Ohio App.3d 62, 2008-Ohio-2960, ¶ 11 (9th Dist.).]
>
> [I]n *Marquez v. Koch*, 4th Dist. No. 11CA3283, 2012-Ohio-5466, the court held: "the presence of non-arbitrable claims and parties not subject to an arbitration agreement does not justify the denial of Appellants' motion to stay." *Id.* at ¶ 11. *See also* [*Cheney* at] ¶ 12 (because some of the claims are clearly within the scope of contracts containing valid arbitration provisions, the entire case must be stayed until arbitration is resolved); *Pyle v. Wells Fargo Fin.*, 10th Dist. No. 05AP-644, 2005-Ohio-6478, ¶ 12 (a presumption favoring arbitration over litigation applies even when the case involves some arbitrable claims and some non-arbitrable claims, with the non-arbitrable claims being determined by a court after completion of arbitration); and *Jones v. Unibilt Industries, Inc.*, 2d Dist. No. Civ.A. 20578, 2004-Ohio-5983, ¶ 19 (rejecting the argument that a stay pending arbitration is inappropriate where one of the defendants is not a party to the arbitration agreement).

{¶ 22} Based on this authority, and more specifically on our clear holdings in *DH-KL* and *Harrison*, we are compelled to find that the trial court lacked the discretion to deny the stay in the present case and we must reverse that order.  In doing so, we acknowledge that none of the cited cases are precisely on point with the one before us. First, all the cited cases result in the affirmance of the trial court's *grant* of a stay pending arbitration, whereas the present case involves the trial court's *denial* of such a stay requested by appellants.  Second, the concerns expressed in *DH-KL* regarding manipulation of the proceedings by adding non-arbitrable defendants are not present in this case.  We nonetheless see insufficient distinction here to refuse to follow our court's precedent.  If our standard were abuse of discretion by the trial court, we might well

affirm inconsistent outcomes based on the trial court's inherent power to manage the proceedings before it.  The standard set forth in our prior cases, however, makes the grant of the stay non-discretionary.  As a result, we find that the trial court erred in refusing the requested stay pursuant to R.C. 2711.02.  We sustain appellants' second assignment of error.

## IV.  Conclusion

{¶ 23} In summary, we overrule appellants' first assignment of error and sustain appellants' second assignment of error.  We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand this matter to stay all proceedings on all claims while the arbitrable claims are resolved.

*Judgment affirmed in part,*
*reversed in part; and cause remanded.*

TYACK and BROWN, JJ., concur.