[Cite as *Jarvis v. Lehr*, 2014-Ohio-3567.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JEFFERY L. JARVIS, | : | APPEAL NO. C-130832<br>TRIAL NO. A-1302735 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| DANIEL E. LEHR, | : | *O P I N I O N.* |
| and | : | |
| ITE, LLC, | : | |
| Defendants-Appellants, | : | |
| and | : | |
| JOHN DOE 1, et al., | | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 20, 2014

*Benjamin, Yocum & Heather, LLC*, and *Thomas R. Yocum*, for Plaintiff-Appellee,

*Santen & Hughes, C. Gregory Schmidt, Charles E. Reynolds* and *Allison S. King*, for Defendants-Appellants.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendants-appellants Daniel Lehr and ITE, LLC, (collectively "Defendants") appeal the judgment of the trial court denying their motion to stay the proceedings pending arbitration in this business-ownership dispute brought by plaintiff-appellee Jeffery Jarvis. Because at least one of the issues in this dispute falls within the scope of a written arbitration agreement between Lehr and Jarvis, the trial court erred in denying a stay of proceedings pending arbitration.

{¶2} Jarvis sued Defendants and other unnamed persons and entities for various causes of action related to Jarvis's ownership in General Power Products, LLC ("GPP"). According to the complaint, Jarvis became a part owner of GPP by investing $250,000 in the company at Lehr's request. Jarvis entered into a written operating agreement for GPP along with Lehr and others. Jarvis alleged that Lehr, the managing member of GPP, had engaged in multiple instances of misconduct, including that Lehr had misappropriated business opportunities and resources of GPP for personal reasons and to fund another company controlled by Lehr, ITE, LLC. Jarvis's complaint included a claim against Lehr for breach of the operating agreement. Jarvis alleged that Lehr owed duties to Jarvis under the operating agreement, and that Lehr breached those duties in part by commingling GPP's funds with the funds of Lehr and ITE, LLC. Jarvis relied upon paragraph 6 of the operating agreement, which forbade commingling of GPP funds with another entity or person.

{¶3} In response to Jarvis's complaint, Defendants filed a motion to compel arbitration and to stay the proceedings pending arbitration. Defendants relied upon an arbitration clause contained in the written operating agreement for GPP, which provided that "[i]f any dispute shall arise between the Interest Holders as to their

rights or liabilities under this Agreement, the dispute shall be exclusively determined, and the dispute shall be settled, by arbitration * * *." Although the operating agreement did not define "Interest Holder," the preamble to the agreement listed Jarvis and Lehr as members, and the agreement contained Jarvis's and Lehr's signatures. The trial court denied Defendants' motion based upon the parties' briefing, and this appeal by Defendants ensued.

{¶4} Defendants challenge the trial court's denial of their motion in two assignments of error. The first assignment of error challenges the trial court's denial of the motion to compel arbitration, and the second assignment of error challenges the denial of the motion to stay proceedings pending arbitration.

{¶5} As an initial matter, we address the jurisdictional issue raised in Jarvis's brief. Defendants' appeal relies upon R.C. 2711.02(C), which provides that an order granting or denying a stay of proceedings pending arbitration is a final order. Jarvis argues that R.C. 2711.02(C) unconstitutionally expands the jurisdiction of courts of appeals, and conflicts with the Ohio Rules of Appellate Procedure. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02.

{¶6} An appellate court's jurisdiction is limited to reviewing final orders, which means that the order appealed from must meet the requirements of R.C. 2505.02, and, if applicable, the order must contain a Civ.R. 54(B) certification. *See Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). The Ohio Supreme Court considered whether, under the Ohio Constitution and the Ohio Rules of Appellate Procedure, orders issued under R.C. 2711.02 were final and appealable without Civ.R. 54(B) certification in *Mynes v. Brooks*, 124 Ohio St.3d 13,

2009-Ohio-5946, 918 N.E.2d 511. In determining that orders issued under R.C. 2711.02, granting or denying a stay of a trial of pending arbitration, were final and appealable even in the absence of Civ.R. 54(B) language, the court adopted the reasoning of an earlier Supreme Court decision dealing with orders denying political-subdivision immunity. *Id.* at ¶ 13, relying on *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88.

{¶7} Therefore, the order from which Defendants appeal is a final, appealable order pursuant to R.C. 2711.02(C) and *Mynes v. Brooks*, and we have jurisdiction over Defendants' appeal. *See id.*

{¶8} Turning to the merits of Defendants' appeal, R.C. Chapter 2711 provides two separate procedures for enforcing written arbitration agreements. R.C. 2711.03 provides for direct enforcement of agreements through an order to compel arbitration, and R.C. 2711.02 provides for indirect enforcement through an order to stay proceedings pending arbitration. *Dodeka, L.L.C. v. Keith*, 11th Dist. Portage No. 2011-P-0043, 2012-Ohio-6216, ¶ 21, citing *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 14; *Davis v. Beggs*, 10th Dist. Franklin No. 08AP-432, 2008-Ohio-6311, ¶ 6. Although a party can file motions under both R.C. 2711.02 and 2711.03, the statutes are not read in pari materia. *Maestle* at ¶ 17-18. Thus, when a party files a motion to compel arbitration and to stay the proceedings, a court will look beyond the title of the motion to determine whether the party relies upon the procedure in one or both statutes. *See Cheney v. Sears, Roebuck and Co.*, 10th Dist. Franklin No. 04-AP-1354, 2005-Ohio-3283, ¶ 19-21, citing *Maestle* at syllabus.

4

{¶9} In this case, although Defendants titled their motion a "motion to compel arbitration and to stay proceedings," neither Defendants' motion, nor the applicable section of their memorandum in support referenced R.C. 2711.03. Furthermore, Defendants indicated at oral argument before this court that they sought only a stay of proceedings at this stage. Thus, we cannot determine that the trial court erred in denying a motion to compel arbitration under R.C. 2711.03. We overrule Defendants' first assignment of error.

{¶10} Defendants' second assignment of error challenges the trial court's denial of their motion to stay proceedings pending arbitration.

{¶11} R.C. 2711.02(B) governs the issuance of a stay of proceedings pending arbitration. Where any claim in an action is subject to arbitration under R.C. 2711.02(B), a court must stay the entire proceeding, although nonarbitrable claims exist. *E.g.*, *Rippe & Kingston Co. PSC v. Kruse*, 1st Dist. Hamilton No. C-130587, 2014-Ohio-2428, ¶ 21. Once a court determines an issue in the proceeding is covered by a written arbitration agreement, even claims involving nonsignatories to the arbitration agreement will be stayed under R.C. 2711.02(B). *See Murray v. David Moore Home Builders*, 177 Ohio App.3d 62, 2008-Ohio-2960, 893 N.E.2d 897, ¶ 11 (9th Dist.), citing *DH-KL Corp. v. Corbin*, 10th Dist. Franklin No. 97APE02-206, 1997 Ohio App. LEXIS 3629 (Aug. 12, 1997).

{¶12} As a general matter, we review a trial court's decision under R.C. 2711.02(B) for an abuse of discretion; however, we review de novo whether an issue in controversy falls within an agreement to arbitrate. *See Kruse* at ¶ 14, 20.

{¶13} In this case, the written arbitration agreement between Jarvis and Lehr in the GPP operating agreement provided for arbitration of any dispute among

5

the GPP owners as to their rights or liabilities under the operating agreement. Jarvis argues that the operating agreement attached to Defendants' motion to compel is not properly of record and cannot be considered. Courts have held that a party seeking a stay of proceedings pending arbitration must produce a properly authenticated copy of the arbitration agreement. *See McGuinea v. Ganley Nissan, Inc.*, 8th Dist. Cuyahoga No. 86050, 2005-Ohio-6239; *ACRS, Inc. v. Blue Cross & Blue Shield of Minnesota*, 131 Ohio App.3d 450, 722 N.E.2d 1040 (8th Dist.1998); Evid.R. 901. Here, Defendants produced an affidavit from Lehr authenticating the operating agreement. Jarvis did not refute Lehr's affidavit, nor did Jarvis refute that he signed the agreement. Thus, Jarvis's argument that the operating agreement is not properly of record is not well taken.

{¶14} With regard to the scope of the arbitration provision in the operating agreement as it pertains to the proceedings in the trial court, Jarvis alleges in his breach-of-contract claim that Lehr breached duties owed to Jarvis under the operating agreement when Lehr commingled GPP funds. Jarvis relies upon a specific provision in the operating agreement forbidding commingling of funds by members. Thus, Jarvis's breach-of-contract claim against Lehr involves a dispute as to the rights or liabilities provided under the operating agreement, and the issue falls within the scope of the arbitration provision.

{¶15} Because an issue in controversy in the action falls within the scope of the written arbitration clause between Jarvis and Lehr, the entire proceeding must be stayed pending arbitration under R.C. 2711.02(B). *See Kruse* at ¶ 21. We sustain Defendants' second assignment of error.

6

{¶16}  In conclusion, the judgment of the trial court is reversed and the cause is remanded with instructions to enter a stay of the proceedings pending arbitration.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.,** and **DEWINE, J.,** concur.

**Please note:**

The court has recorded its own entry on the date of the release of this opinion.