[Cite as *Raber v. Emeritus at Marietta*, 2016-Ohio-1531.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| DAVID E. RABER,<br>Individually and as Co-Personal<br>Representative of the Estate of<br>Monna Ann Raber, ET AL., | : | Case No. 15CA18 |
| | : | |
| Plaintiffs-Appellees. | : | |
| v. | : | DECISION AND<br><u>JUDGMENT ENTRY</u> |
| EMERITUS AT MARIETTA,<br>ET AL., | : | |
| | : | **RELEASED: 4/8/2016** |
| Defendants-Appellants. | | |

---

APPEARANCES:

Keith Hansbrough, Kenneth W. McCain, and Jason P. Ferrante, Marshall, Dennehy, Warner, Coleman & Goggin, Cleveland, Ohio, for appellants.

Jeremy M. Burnside, Portsmouth, Ohio, for appellees.

---

Harsha, J.

{¶1}   Emeritus at Marietta, Emeritus Corporation, and HCP EMOH, LLC ("Emeritus et al.") appeal from a judgment that partially denied their Motion to Stay Proceedings and Compel Arbitration by permitting wrongful-death claims against them to proceed.  David E. Raber and Thomas E. Raber, individually and as co-executors of the estate of their deceased mother, Monna Ann Raber, filed the wrongful-death claims, along with several other claims, against Emeritus et al.  The Rabers' action stemmed from the alleged maltreatment and death suffered by their mother at a residential-care facility owned by Emeritus Corporation and operated by Emeritus at Marietta on property owned by HCP EMOH, LLC.

**{¶2}** Emeritus et al. initially assert that the trial court erred by denying their motion to stay the wrongful-death proceedings and compel arbitration on their wrongful-death claims because the Federal Arbitration Act ("FAA") required that these claims be arbitrated under an agreement Monna Ann Raber signed. Emeritus et al.'s contention is meritless because a decedent cannot bind his or her beneficiaries to arbitrate their wrongful-death claims. *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258, paragraph two of the syllabus. Appellants are correct that the FAA preempts state law when state law prohibits the arbitration of a particular type of claim. However, Ohio law that precludes application of an arbitration agreement to third parties does not create a categorical rule prohibiting arbitration of wrongful-death claims. And nothing in the FAA alters background principles of state contract law regarding the scope of agreements, including the question of who is bound by them. We reject appellants' initial assertion.

**{¶3}** Appellants next contend that the trial court erred by not staying the entire case, including the wrongful-death claims, pending the completion of arbitration of the claims it determined were subject to the arbitration agreement. We agree. Under the plain language of R.C. 2711.02(B), when a trial court determines that certain claims are subject to arbitration, upon a request by a party the court must stay the entire proceeding until those claims have been arbitrated, even though the action may include both arbitrable and non-arbitrable claims.

**{¶4}** Therefore, we sustain appellants' second assignment of error, reverse the judgment of the trial court, and remand the cause to that court so that it can enter a new

order staying the entire proceeding until the parties arbitrate the claims subject to arbitration.

## I. FACTS

**{¶5}** Monna Ann Raber was a resident of an assisted-living community known as Emeritus at Marietta from August 2010 to May 2013. According to appellants, Emeritus at Marietta is the Ohio registered trade name for Emeritus Corporation, which operated and managed Emeritus at Marietta and provided care to Monna Ann Raber at the facility. The care, services, and treatment of Monna Ann Raber were subject to a resident agreement, prepared by Emeritus Corporation, that she signed. HCP EMOH, LLC owns the real property on which the facility is located.

**{¶6}** Monna Ann Raber also executed an agreement with Emeritus at Marietta to resolve disputes between them by binding arbitration:

> The Parties agree that in the event that such disputes cannot be resolved as contemplated in Paragraph 1, that unless expressly prohibited by applicable law, any action, dispute, claim or controversy of any kind, whether in contract or in tort, statutory or common law, personal injury, property damage, legal or equitable or otherwise, arising out of the provision of assisted living services, healthcare services, or any other goods or services provided under the terms of any agreement between the Parties, including disputes involving the scope of this Arbitration Agreement, or any other dispute involving acts or omissions that cause damage or injury to either Party, except for matters involving evictions, **shall be resolved exclusively by binding arbitration** and not by lawsuit or resort to the judicial process, except to the extent that applicable law provides for judicial review of arbitration proceedings. To the fullest extent permitted by law, this Arbitration Agreement shall apply to third parties not signatories to this Agreement, including any spouse, heirs, or persons claiming through the Resident. Any claims or grievances against the Community's corporate parent, subsidiaries, affiliates, employees, officers or directors shall also be subject to and resolved in accordance with this Arbitration Agreement.

(Emphasis sic.)

**{¶7}** The arbitration agreement also provided that it "shall be governed and interpreted under the Federal Arbitration Act, 9 U.S.C. Sections 1-16," that admission to the facility was not contingent upon signing the arbitration agreement, and that it could be revoked by written notice delivered to Emeritus at Marietta by certified mail within 15 days of signature.

**{¶8}** After Monna Ann Raber died a West Virginia official appointed her sons, David E. Raber and Thomas E. Raber ("the Rabers"), her only surviving children and her beneficiaries under the Ohio wrongful-death statute, as co-executors of her estate. The Rabers, individually and in their capacity as co-executors of their deceased mother's estate, filed a complaint in the Washington County Common Pleas Court raising claims of wrongful death, negligence, violations of the R.C. 3721.13 nursing home patients' bill of rights, additional statutory and regulatory violations, survivorship, and punitive damages relating to appellants' care of the decedent during her residence at the facility. The Rabers named Emeritus at Marietta, Emeritus Corporation, HCP EMOH, LLC, and ten John Doe parties as defendants.

**{¶9}** Ultimately, Emeritus et al. filed a motion to stay proceedings and compel arbitration, which the trial court granted in part and denied it in part. The trial court ruled the Rabers' wrongful-death claims were not subject to arbitration and it would not stay proceedings on these claims. But the trial court stayed proceedings on all of the Rabers' remaining claims and submitted them to arbitration. This appeal ensued.

## II. ASSIGNMENTS OF ERROR

**{¶10}** Appellants assign the following errors for our review:

1. THE TRIAL COURT ERRED BY FAILING TO DETERMINE THAT ALL CLAIMS BROUGHT BY PLAINTIFFS, INCLUDING THE WRONGFUL DEATH CLAIMS, ARE SUBJECT TO THE ARBITRATION AGREEMENT.

2. IN THE ALTERNATIVE, THE TRIAL COURT ERRED BY NOT STAYING THE ENTIRE MATTER PENDING COMPLETION OF ARBITRATION OF THE CLAIMS IT DETERMINED WERE SUBJECT TO THE ARBITRATION AGREEMENT, AS REQUIRED BY R.C. 2711.02 AND *MARQUEZ V. KOCH*, 4TH DIST. ROSS APP. 11CA3283, 2012-OHIO-5466.

### III. STANDARD OF REVIEW

**{¶11}** In general " '[a]n appellate court reviews a trial court's decision to grant or deny a motion to compel arbitration or stay the proceedings under the abuse of discretion standard.' " *Primmer v. Healthcare Indus. Corp.*, 2015-Ohio-4104, 43 N.E.3d 788, ¶ 8 (4th Dist. 2015), quoting *Fields v. Herrnstein Chrysler, Inc.*, 4th Dist. Pike No 12CA827, 2013-Ohio-693, ¶ 12; *K.M.P., Inc. v. Ohio Historical Society*, 4th Dist. Jackson No. 03CA2, 2003-Ohio-4443, ¶ 14.

**{¶12}** Nevertheless, " '[a] trial court's decision granting or denying a stay of proceedings pending arbitration is * * * subject to de novo review *** on issues of law, which will commonly predominate because such cases generally turn on issues of contractual interpretation * * *.' " *McFarren v. Emeritus at Canton*, 2013-Ohio-3900, 997 N.E.2d 1254, ¶ 13 (5th Dist.), quoting *Hudson v. John Hancock Fin. Servs.*, 10th Dist. Franklin No. 06AP-1284, 2007-Ohio-6997, ¶ 8; *see also Duncan v. Wheeler*, 4th Dist. Scioto No. 09CA3296, 2010-Ohio-4836, ¶ 5 (in appeal from denial of motion to stay proceedings and to compel arbitration, we observed that "appellate courts employ a de novo standard when reviewing a trial court's interpretation of contract provisions, including arbitration provisions"); *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d

352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 37 (rejecting an abuse-of-discretion standard of review and applying a de novo standard of review in reviewing decision granting motion to stay litigation and compel arbitration when the underlying issue was whether the arbitration provision was unenforceable because of alleged unconscionability).

{¶13}  The issues raised here are legal ones:  (1) whether the FAA requires that the Rabers' wrongful-death claims be arbitrated under the terms of the arbitration agreement signed only by their deceased mother; and (2) whether a case that includes arbitrable and non-arbitrable claims, upon request of one of the parties, requires staying the entire case until the arbitration of the arbitrable claims has concluded.  Therefore, we review the trial court's decision using a de novo standard of review.

IV. LAW AND ANALYSIS

A.  Does the FAA Preempt *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258 ? No.

{¶14}  The trial court determined that the Rabers' wrongful-death claims against appellants were not subject to arbitration under Monna Ann Raber's arbitration agreement with Emeritus at Marietta.

{¶15}  In their opposition to the motion to compel arbitration, the Rabers cited *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258, to support their contention that the arbitration agreement that their mother signed did not apply to their wrongful-death claims. In *Peters* the court held that "[a] decedent cannot bind his or her beneficiaries to arbitrate their wrongful-death claims." *Id.* at paragraph two of the syllabus. At ¶ 17-19 the court rejected a provision in a dispute-resolution plan binding the beneficiaries of the employee agreeing to mediation,

and if unsuccessful, arbitration of any legal claim or dispute the beneficiaries had

against the company:

> Given the statutory language and our precedents, it is clear that survival claims and wrongful-death claims are distinct claims that belong to separate individuals, even though they are generally brought by the same nominal party (the personal representative of the estate). While we have allowed collateral estoppel to apply to such claims, given the deep similarity between the two and the privity between a decedent and his or her beneficiaries, there is no mistaking the independent nature of these actions.
>
> When Peters signed the arbitration agreement, he agreed to arbitrate his claims against the company, whether brought during his life or after his death. Thus, the provision in the agreement binding Peters's heirs, beneficiaries, successors, and assigns applies to a survival action, which is the vessel used to pursue his claims after his death.
>
> However, Peters could not restrict his beneficiaries to arbitration of their wrongful-death claims, because he held no right to those claims; they accrued independently to his beneficiaries for the injuries they personally suffered as a result of the death. *See Thompson* [*v. Wing*], 70 Ohio St.3d [176] at 182–183, 637 N.E.2d 917[, 1994]. Thus, a decedent cannot bind his or her beneficiaries to arbitrate their wrongful-death claims. *Id.* The beneficiaries can agree to arbitrate these claims themselves, but they are not required to do so. Because Peters's beneficiaries did not sign the plan or any other dispute-resolution agreement, they cannot be forced into arbitration.

**{¶16}** The parties agree that under *Peters*, the Rabers' wrongful-death claims

against Emeritus et al. would not be subject to the arbitration agreement because they

did not sign it. Nevertheless, Emeritus et al. assert in their first assignment of error that

the FAA required arbitration of the wrongful-death claims, i.e. the FAA preempted the

Supreme Court of Ohio's conflicting decision in *Peters*. Emeritus et al. rely upon *Marmet*

*Health Care Center, Inc. v. Brown*, __ U.S. __, 132 S.Ct. 1201, 182 L.Ed.2d 42 (2012),

in support of that contention. In *Marmet* family members of patients who died while in a

nursing home brought separate suits against the nursing home alleging that its

negligence resulted in the patients' deaths. In each case a family member of the patient

had signed an agreement with the nursing home on behalf of the patient that included a clause requiring the arbitration of all disputes.  The Supreme Court of Appeals of West Virginia held all predispute arbitration agreements that apply to claims alleging personal injury or wrongful death against nursing homes were unenforceable because " 'as a matter of public policy under West Virginia law, an arbitration clause in a nursing home admission agreement adopted prior to an occurrence of negligence that results in a personal injury or wrongful death, shall not be enforced to compel arbitration of a dispute concerning the negligence.' " *Marmet*, __ U.S. at ___, 132 S.Ct. at 1203, 182 L.Ed.2d 42, quoting *Brown v. Genesis Healthcare Corp.*, 228 W.Va. 646, 724 S.E.2d 250, 292 (2011).

{¶17}  But the Supreme Court of the United States held that the FAA preempted the West Virginia court's prohibition against predispute agreements to arbitrate personal-injury or wrongful-death claims:

> As this Court reaffirmed last Term, "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward:  The conflicting rule is displaced by the FAA." *AT&T Mobility LLC v. Concepcion*, 563 U.S. __, __, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011). That rule resolves these cases.  West Virginia's prohibition against predispute agreements to arbitrate personal-injury or wrongful-death claims against nursing homes is a categorical rule prohibiting arbitration of a particular type of claim, and that rule is contrary to the terms and coverage of the FAA. *Id.* __ U.S. at ___, 132 S.Ct. at 1203-1204, 182 L.Ed.2d 42.

{¶18}   However, the FAA does not preempt the holding in the *Peters* syllabus because unlike the holding in *Brown*, *Peters* does not establish a categorical rule prohibiting the arbitration of wrongful-death claims.  As the Supreme Court of Ohio recognized, "[t]he beneficiaries can agree to arbitrate these claims themselves, but they are not required to do so." *Peters* at ¶ 19.

{¶19} Recently our colleagues in the Fifth District Court of Appeals rejected a similar contention by a nursing home that under *Marmet*, the FAA preempted *Peters* and required the arbitration of wrongful-death claims even though the beneficiaries did not sign the arbitration agreement in their individual capacities:

> Unlike the ruling by the West Virginia Supreme Court in *Brown ex rel. Brown*, the ruling by the Ohio Supreme Court in *Peters* did not create a categorical rule that prohibited pre-dispute agreements to arbitrate wrongful death claims against nursing homes. Rather, the holding in *Peters* was based on common law principles governing contracts and found that only signatories to an arbitration agreement are bound by its terms. This holding comports with the general rule that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 687 N.E.2d 1352 (1998). The language used in the *Peters* opinion by the Supreme Court of Ohio indicates their holding does not create a categorical rule prohibiting arbitration agreements in wrongful death cases as the Court specifically stated that while a decedent cannot bind his or her beneficiaries to arbitrate their wrongful death claims, "the beneficiaries can agree to arbitrate these claims themselves, but they are not required to do so." *Peters*, 115 Ohio St.3d at 138, 873 N.E.2d 1258. The holding in *Peters* requiring a real party in interest to sign an arbitration agreement for such agreement to be enforceable is not in conflict with the FAA as the FAA states arbitration agreements are enforceable except "upon such grounds as exist at law or in equity for the revocation for any contract." 9 U.S.C. § 2.
>
> Accordingly, we find *Peters* to be controlling in that arbitration agreements are not enforceable against non-signing beneficiaries to a wrongful death claim. Here, the only one of Rinker's beneficiaries to sign the arbitration agreement was Gerber. However, Gerber did not sign the arbitration agreement in his individual capacity, but signed as the purported "representative" of Rinker. Pursuant to *Peters*, the arbitration agreement in the instant case, as it pertains to the wrongful death claim, is not enforceable against Rinker's beneficiaries. Appellant's second assignment of error is sustained. *McFarren*, 2013-Ohio-3900, 997 N.E.2d 1254, at ¶ 29-30 (5th Dist.)

{¶20} We agree with the rationale in *McFarren* and similarly hold that the FAA does not preempt the Supreme Court of Ohio's holding in *Peters*. This result is

supported by the plain language of the FAA, which in Section 2 makes written arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of contract," and which in Section 3 allows litigants already in federal court to invoke agreements made enforceable by Section 2. *See* 9 U.S.C. 2 and 3.  As the Supreme Court of the United States has emphasized, "[n]either provision purports to alter background principles of state contract law regarding the scope of agreements (including the question of who is bound by them)." *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 630, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009).  *Peters* applies traditional principles of state contract law to hold that arbitration agreements do not bind nonparties who did not agree to arbitrate wrongful-death claims. Thus it is not preempted by the FAA.  *Peters* at ¶ 8 (arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit).  There is no argument by appellants that traditional principles of Ohio law, e.g., assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver, and estoppel, allow the arbitration agreement to be enforced against the Rabers as nonparties.  *See Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 27, citing *Arthur Andersen*.

{¶21} Therefore, the trial court correctly determined that the Rabers' wrongful-death claims were not arbitrable under their deceased mother's arbitration agreement. We overrule appellants' first assignment of error.

B.  Did The Trial Court Err by Not Staying the Entire Case Pending the Arbitration of the Arbitrable Claims? Yes.

{¶22} In their second assignment of error appellants argue that the trial court erred by not staying the entire case, including the wrongful-death claims, pending completion of the arbitration of the claims that were subject to the agreement. The trial court stayed all of the Rabers' claims, except their wrongful-death claims, based on the arbitration agreement, but concluded that the wrongful-death claims could proceed.

{¶23} R.C. 2711.02(B) mandates that if an issue in an action is referable to arbitration, upon application of one of the parties, the trial court must stay the trial of the remaining issues until the completion of arbitration on the referable issue:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶24} "Where any claim in an action is subject to arbitration under R.C. 2711.02(B), a court must stay the entire proceeding, although nonarbitrable claims exist." *Jarvis v. Lehr*, 1st Dist. Hamilton No. C-130832, 2014-Ohio-3567, ¶ 11; *Maclin v. Greens Nursing and Assisted Living, L.L.C.*, 8th Dist. Cuyahoga No. 101085, 2014-Ohio-2538, ¶ 9 ("when a trial court determines that certain claims are subject to arbitration, it must stay the entire proceeding until those claims have been arbitrated, even though the action may involve both arbitrable and non-arbitrable claims"); *Villas Di Tuscany Condominium Assoc., Inc. v. Villas Di Tuscany*, 7th Dist. Mahoning No. 12 MA 165, 2014-Ohio-776, ¶ 20 ("when an action contains both arbitrable and nonarbitrable claims, the court must stay the entire action until the arbitrable claims are resolved").

**{¶25}** As we held in *Marquez v. Koch*, 4th Dist. Ross No. 11CA3283, 2012-Ohio-5466, at ¶ 11, "the presence of non-arbitrable claims and parties not subject to an arbitration agreement does not justify the denial of [a] motion to stay." *See also Harrison v. Winchester Place Nursing & Rehabilitation Center*, 2013-Ohio-3163, 996 N.E.2d 1001, ¶ 24 (10th Dist.), citing *Marquez* at ¶ 11. Therefore, "[o]nce a court determines an issue in the proceeding is covered by a written arbitration agreement, even claims involving nonsignatories to the arbitration agreement will be stayed under R.C. 2711.02(B)." *Jarvis* at ¶ 11, citing *Murray v. David Moore Home Builders*, 177 Ohio App.3d 62, 2008–Ohio–2960, 893 N.E.2d 897, ¶ 11 (9th Dist.).

**{¶26}** The Rabers do not dispute this precedent, but instead argue that staying their wrongful-death claims pending the arbitration of their remaining claims would prevent them from engaging in meaningful discovery. In effect they request that we adopt a policy-based exception to the mandate of R.C. 2711.02(B) in the interests of justice. We reject this request because the General Assembly is the final arbiter of public policy; it is not the role of courts to second-guess these legislative policy choices. *See State ex rel. Cydrus v. Ohio Pub. Employees Retirement Sys.*, 127 Ohio St.3d 257, 2010-Ohio-5770, 938 N.E.2d 1028, ¶ 24.

**{¶27}** In light of the plain language of R.C. 2711.02(B) and the precedent interpreting it, the trial court erred in failing to stay the Rabers' nonarbitrable wrongful-death claims pending the arbitration of the referable claims. We sustain appellants' second assignment of error.

V. CONCLUSION

{¶28}  Having sustained appellants' second assignment of error, we reverse the judgment of the trial court insofar as it ordered the Rabers' wrongful-death claims to proceed. We remand the cause to the court to enter an order staying the entire proceeding until completion of the arbitrable issues subject to referral.

JUDGMENT REVERSED IN PART
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED IN PART and that the CAUSE IS REMANDED.  Appellees shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**