[Cite as *Gustinski v. Copley Health Ctr.*, 2021-Ohio-4282.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DONNA GUSTINSKI

    Appellee

    v.

COPLEY HEALTH CENTER

    Appellant

C.A. No.    29996

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2020-03-0874

DECISION AND JOURNAL ENTRY

Dated: December 8, 2021

HENSAL, Presiding Judge.

{¶1}    Copley Health Center appeals from the judgment of the Summit County Court of Common Pleas, denying its motion to stay the case and to enforce the alternative dispute resolution agreement. This Court reverses and remands for further proceedings.

I.

{¶2}    Donna Gustinski ("Plaintiff"), the administrator of the estate of Marian Gustinski ("the decedent"), re-filed a complaint against Copley Health Center ("Copley"), claiming Copley was negligent in its management, care, and treatment of the decedent. Plaintiff alleged that the decedent was admitted to Copley on June 17, 2016, discharged on September 1, 2016, and passed away on November 14, 2016. Plaintiff alleged that, as a result of Copley's negligence, the decedent sustained personal injuries, incurred medical and hospital expenses, and endured pain and mental suffering.

{¶3}   Copley filed a motion to stay the case and to enforce the alternative dispute resolution agreement (the "ADR Agreement").  Copley argued that the decedent had appointed Plaintiff, the decedent's daughter, as her durable power of attorney, and that Plaintiff signed the ADR Agreement on the decedent's behalf.  Copley argued that the ADR Agreement required the matter to be resolved through mediation or, if mediation was unsuccessful, through binding arbitration.  Copley argued that the matter should be stayed, and that the ADR Agreement should be enforced.

{¶4}   Copley attached a copy of the ADR Agreement and the durable power of attorney to its motion.  The ADR Agreement is a six-page document.  The first five pages contain the terms of the agreement, and the sixth page is the signature page.  The signature page contains two signatures: one from a representative of Copley, and one purportedly from Plaintiff.  Next to each signature is the date "6-17-20[.]"

{¶5}   In response, Plaintiff argued that she did not sign the ADR Agreement.  Plaintiff asserted that she "clearly had authority to execute an agreement on behalf of [the decedent] since she had been appointed by the Cuyahoga County Probate Court as the Guardian of [the decedent] on March 18, 2014."  She asserted, however, that she never signed the ADR Agreement, and that the signature on the ADR Agreement was dated June 2020, which was about four years after the decedent was discharged from Copley.  In support of her response, Plaintiff attached an affidavit wherein she averred that she never signed the ADR Agreement.  Copley filed a reply in support of its motion, attaching an affidavit from a forensic document examiner who opined that the signature on the ADR Agreement is Plaintiff's signature.

{¶6}   Plaintiff then supplemented her response to Copley's motion.  In it, Plaintiff indicated that she did "not dispute the authenticity of the signature * * * but denied the

genuineness of the [ADR Agreement.]" She attached an affidavit from her own forensic document examiner who identified several discrepancies between the first five pages of the ADR Agreement and the signature page (page six) including: (1) the first page is dated June 17, 2016, while the signature page is dated June 17, 2020; (2) whomever wrote the date on the line next to the signature of the representative for Copley is the same person who wrote the date on the line next to Plaintiff's signature; (3) unlike the first five pages, the signature page does not have justified margins; and (4) the logo on the top of the signature page is lower than the logo on the first five pages. Plaintiff's expert opined that she had "high suspicions as to whether th[e] signature page * * * is the actual signature page that should be attached to [the ADR Agreement] or if it is a signature page of another document [Plaintiff] may have signed."

{¶7} The trial court ultimately denied Copley's motion to stay the case and to enforce the ADR Agreement. In doing so, the trial court did not reach the merits of whether Plaintiff signed the ADR Agreement. Instead, it concluded that Plaintiff was not authorized to sign the ADR Agreement because it was beyond the scope of her powers as the decedent's durable power of attorney. The trial court explained that, in executing the durable power of attorney, the decedent only authorized Plaintiff to act on her behalf for banking and other financial institution transactions. The trial court did not address Plaintiff's assertion that she had authority to execute an agreement on behalf of the decedent since she had been appointed as the guardian of the decedent prior to the decedent's admission to Copley. Copley now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING COPLEY'S MOTION TO STAY CASE AND ENFORCE ALTERNATIVE DISPUTE RESOLUTION AGREEMENT.

{¶8}   In its assignment of error, Copley argues that the trial court erred by denying its motion to stay the case and to enforce the ADR Agreement.  It argues that, while a trial court's denial of a motion to stay the proceedings and compel arbitration is reviewed for an abuse of discretion, the standard of review in this case is de novo because the issue is whether a contract exists, which is a matter of law.

{¶9}   "Generally, '[w]e review a trial court's decision to stay proceedings and order the matter to arbitration for an abuse of discretion.'"  *Discovery Resources, Inc. v. Ernst & Young U.S. LLP*, 9th Dist. Lorain No. 15CA010723, 2016-Ohio-1283, ¶ 10, quoting *Koch v. Keystone Pointe Health & Rehab.*, 9th Dist. Lorain No. 11CA010081, 2012-Ohio-5817, ¶ 7.  "That standard of review[, however,] must yield when an issue of law is implicated."  *Id.*, quoting *Koch* at ¶ 7.  "Before a party may be bound by the terms of an arbitration agreement, there must in fact be a contract which requires the arbitration of the parties' disputes and claims."  (Alteration omitted.)  *Kallas v. Manor Care of Barberton, OH, L.L.C.*, 9th Dist. Summit No. 28068, 2017-Ohio-76, ¶ 8, quoting *Koch* at ¶ 9.  "Whether a contract exists is a matter of law[,]" and is subject to de novo review. *Id.*

{¶10}  Copley makes two primary arguments in support of its position that the trial court erred by denying its motion to stay the case and to enforce the ADR Agreement.  First, it argues that the trial court's decision ignores the presumption in favor of arbitrability and incorrectly places the burden on Copley to demonstrate that the ADR Agreement is valid and enforceable.

Second, it argues that the trial court erred by concluding that Plaintiff lacked authority to sign the ADR Agreement on behalf of the decedent. Copley argues that, even if Plaintiff lacked actual authority, she had apparent authority to sign the ADR Agreement.

{¶11} In response, Plaintiff again asserts that she "clearly had authority to execute an agreement on behalf of [the decedent] since she had been appointed by the Cuyahoga County Probate Court as Guardian of [the decedent.]" Plaintiff maintains, as she did below, that the issue in this case is whether she signed the ADR Agreement. Plaintiff points to the discrepancies in the ADR Agreement, which her forensic document examiner relied on to conclude that she had "high suspicions" as to whether the signature page of the ADR Agreement was actually a signature page from another document Plaintiff may have signed. Plaintiff argues that Copley – as the party seeking to uphold the contract – bore the burden of proving that a contract existed between the parties. Plaintiff argues that Copley failed to meet that burden because it provided no evidence to explain the discrepancies between the first five pages of the ADR Agreement and the signature page.

{¶12} As previously noted, the trial court did not reach the merits of whether Plaintiff signed the agreement proffered by Copley as the ADR Agreement governing the matter. Instead, it determined that Plaintiff was not authorized to sign the ADR Agreement because it was beyond the scope of her powers as the decedent's durable power of attorney. It denied Copley's motion to stay the case and to enforce the ADR Agreement solely on that basis. This Court concludes that the trial court erred by doing so.

{¶13} The trial court failed to consider whether Plaintiff had authority to sign the ADR Agreement by virtue of her alleged status as the guardian of the decedent, or otherwise. Consequently, its decision puts this Court in the position of having to consider Copley's

arguments regarding whether Plaintiff otherwise had authority to sign the ADR Agreement in the first instance. This Court will not conduct that analysis in the first instance. *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, ¶ 9 ("This Court has consistently held that it is the trial court's duty to resolve issues in the first instance."). Even if this Court were to determine that Plaintiff had authority to sign the ADR Agreement, which Plaintiff does not dispute, the issue of whether Plaintiff signed the proffered ADR Agreement remains unresolved at the trial court level. These issues must be resolved before a decision can be rendered as to whether to stay the case and to enforce the ADR Agreement. We, therefore, reverse and remand the matter for the trial court to consider these issues in the first instance. Copley's assignment of error is sustained.

## III.

{¶14} Copley Health Center's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JEFFREY W. VAN WAGNER and SHANNON R. LEAR, Attorneys at Law, for Appellant.

GARY T. MANTKOWSKI, Attorney at Law, for Appellee.