[Cite as *Carter v. Takoda Trails*, 2024-Ohio-911.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LAUREN CARTER, | : | APPEAL NO. C-230329 |
| | | TRIAL NO. A-2204380 |
| and | : | |
| GREGORY CARTER | : | |
| Plaintiffs-Appellees, | : | *O P I N I O N.* |
| vs. | : | |
| TAKODA TRAILS, a.k.a. MILLER HOLDINGS TAKODA, INC., | : | |
| | : | |
| EMPOWERING PEOPLE, INC., d.b.a. CLW, d.b.a. CREATIVE LEARNING WORKSHOP, d.b.a. TAKODA TRAILS, | : | |
| | : | |
| EMPOWERING PEOPLE WORKSHOP, INC., d.b.a. CLW, d.b.a. CREATIVE LEARNING WORKSHOP, | : | |
| | : | |
| EMPOWERING PEOPLE MANAGEMENT, INC., | : | |
| FAIRFIELD VILLAGE REALTY, LLC, | : | |
| and | : | |
| DESATIN CURTIS, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 13, 2024

*Eadie Hill Trial Lawyers, Michael A. Hill*, *William B. Eadie* and *Matthew A. Mooney*, for Plaintiffs-Appellees,

*Tucker Ellis, LLP*, *Jeffrey C. Sindelar, Jr.*, *Ernest W. Auciello, Jr.*, *Raymond Krncevic* and *Lucille R. Richman*, for Defendants-Appellants.

**BOCK, Presiding Judge.**

{¶1}    Defendants-appellants Takoda Trails, a.k.a. Miller Holdings Takoda, Inc., Empowering People, Inc., Empowering People Workshop, Inc., Empowering People Management, Inc., Fairfield Village Realty, LLC, and DeSatin Curtis (collectively "Takoda") appeal the trial court's judgment denying their motion to stay the proceedings and compel plaintiffs-appellees George Carter and Lauren Carter[1] to submit their claims to arbitration.

{¶2}    This case requires us to consider whether a trial court must order arbitration when the arbitration agreement compels arbitration for any claims "arising out of" or "related to" a separate contract, and that separate contract is not a part of the record. We hold that the absence of the contract from which any arbitrable claims arise is fatal to the enforcement of the arbitration agreement. Therefore, we affirm the trial court's judgment denying Takoda's motion to stay the proceedings and compel arbitration.

## Facts and Procedure

{¶3}    The Butler County Probate Court granted George guardianship over his daughter, Lauren, who has disabilities rendering her unable to care for herself. Lauren was a resident of Takoda Trails, an intermediate care facility for developmentally disabled adults with multiple disability diagnoses.

### A. The Arbitration Agreement

{¶4}    George signed two identical arbitration agreements ("the Agreements"), which were drafted by Takoda. Each Agreement's introductory paragraph states:

---

[1] Because the Carters share a surname, we refer to them by their first names.

3

This agreement sets forth a resolution procedure by which the Resident and Facility intend to resolve all disputes which may arise between them concerning any disagreement arising out of the *Nursing Facility Admission Agreement.*

(Emphasis in original.) A section of the Agreements entitled "ALL OTHER DISPUTES" states:

Any controversy, dispute, disagreement or claim of any kind arising out of, or related to the *Nursing Facility Agreement*, (other than the payment of charges as described above) shall be settled by binding arbitration. These disputes include, but are not limited to, all claims based upon breach of contract (other than claims arising out of nonpayment of charges), negligence, medical malpractice, tort, breach of statutory duty, resident's rights, and any departures from accepted standards of care.

(Emphasis in original.)

## B. The Carters sued Takoda

{¶5} After Lauren had lived at Takoda Trails for a few years, the Carters sued Takoda, alleging that Lauren suffered pain and suffering caused by injuries she incurred while in Takoda's care, such as burns, bites, bruising, abrasions, and a laceration to her throat. The Carters' claims alleged negligence, recklessness, violation of resident's rights, negligent hiring, supervision, and retention, civil conspiracy, fraud, negligent infliction of emotional distress, and assault and battery.

{¶6} Takoda subsequently filed a motion to stay proceedings and compel arbitration, arguing that the Carters were bound by the Agreements and were required

to arbitrate their claims.[2] Takoda submitted numerous documents in support of its motion, including the Agreements. Other than the Agreements themselves, none of the documents submitted by Takoda referred to the Agreements. And Takoda never provided a document entitled "Nursing Facility Admission Agreement" or "Nursing Facility Agreement."

{¶7} The trial court found that "[t]he claims for arbitration arise out of that missing or non-existent agreement." The trial court denied the motion to stay proceedings and compel arbitration because Takoda failed to produce the "nursing facility agreement."[3]

{¶8} Takoda has appealed.

### Law and Analysis

#### A. Standard of Review

{¶9} We generally review trial courts' orders staying proceedings and ordering arbitration for an abuse of discretion. *Jarvis v. Lehr*, 1st Dist. Hamilton No. C-130832, 2014-Ohio-3567, ¶ 12; *Campinha-Bacote v. AT&T Corp.*, 10th Dist. Franklin No. 16AP-889, 2017-Ohio-5608, ¶ 6; *Gustinski v. Copley Health Ctr.*, 9th Dist. Summit No. 29996, 2021-Ohio-4282, ¶ 9. But whether a controversy falls under an arbitration agreement is a matter of contract interpretation and a question of law we review de novo. *Bright Future Partners, Inc. v. P&G Distrib.*, LLC, 1st Dist. Hamilton No. C-160589, 2017-Ohio-4145, ¶ 14.

---

[2] The motion also sought to dismiss the complaint for the Carters' failure to submit a Civ.R. 10(D)(2) affidavit of merit and because George was not authorized to sue on Lauren's behalf. Those issues are not a part of this appeal.
[3] The trial court also found that the Agreements were not effective during certain periods when George had not signed new arbitration agreements. But because we determine that the Agreements are not enforceable during any period, we decline to review this issue.

## B. Motions to compel arbitration

{¶10} "The [Ohio Arbitration Act] expresses Ohio's strong public policy favoring arbitration, which is consistent with federal law supporting arbitration." *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011-Ohio-5262, 958 N.E.2d 1203, ¶ 18. But the obligation to submit to arbitration is a matter of contract and courts cannot require parties to arbitrate disputes if the parties did not agree to submit those disputes to arbitration. *Id.* at ¶ 20. "Accordingly, when deciding motions to compel arbitration, the proper focus is whether the parties actually agreed to arbitrate the issue, i.e., the scope of the arbitration clause, not the general policies of the arbitration statutes." *Id.* While courts should construe any ambiguities in an arbitration agreement in favor of arbitration, courts cannot order arbitration if doing so is inconsistent with the parties' contract. *Id.*

{¶11} In *ACRS, Inc. v. Blue Cross & Blue Shield*, 131 Ohio App.3d 450, 722 N.E.2d 1040 (8th Dist.1998), the complaint referred to an oral marketing agreement between the parties. *Id.* at 457. The defendants, who sought to compel arbitration, did not submit evidence sufficient to show that the plaintiffs had agreed to arbitrate their claims. *Id.* While defendants submitted excerpts of documents containing arbitration agreements, those documents did "not rise to the level of authenticated evidence necessary to compel arbitration." *Id.* The court stated,

At the very least, defendants-appellants must produce authenticated copies of the *entire contract upon which their motion to compel arbitration was based* in order to provide the trial court with sufficient evidence of the existence of a written agreement to arbitrate the disputed claims. Without such evidence, the trial court was left with no

alternative but to deny defendants-appellants' motions and proceed with litigation.

(Emphasis added.) *Id.*

{¶12} Likewise, in *McGuinea v. Ganley Nissan, Inc.*, 8th Dist. Cuyahoga No. 86050, 2005-Ohio-6239, the trial court denied the defendant's motion for a stay of the proceedings because the movant failed to authenticate the contract containing the arbitration clause. *Id.* at ¶ 4. Citing *ACRS, Inc.*, the Eighth District affirmed, holding that "a trial court is left with no option but to deny a party's motion for stay of proceedings and proceed with litigation when the party fails to submit authenticated evidentiary material in support of their motion to stay litigation and compel arbitration." *Id.* at ¶ 14.

{¶13} Here, like the defendants in *ACRS* and *McGuinea*, Takoda failed to produce sufficient evidence to prove that the Carters agreed to arbitrate their claims. The Agreements applied only to claims "arising out of, or related to the *Nursing Facility Agreement*." (Emphasis in original.) But Takoda failed to submit the Nursing Facility Agreement. Without that contract, we have no way of knowing whether the Carters' claims arose out of, or were related to, the Nursing Facility Agreement.

{¶14} Because Takoda failed to submit "authenticated copies of the entire contract upon which their motion to compel arbitration was based," we have no choice but to affirm the trial court's denial of Takoda's motion seeking to compel arbitration.

## C. The Agreements were not stand-alone agreements

{¶15} Takoda contends that the Agreements were stand-alone agreements, arguing that the Agreements' language describing the types of claims that are arbitrable covered the Carters' claims.

7

{¶16}   The Agreements stated that they applied to "claim[s] of any kind arising out of, or related to the *Nursing Facility Agreement. * * ** These disputes include, but are not limited to, all claims based upon * * * negligence, medical malpractice, tort, breach of statutory duty, resident's rights, and any departures from accepted standards of care." Takoda argues that the Agreements required arbitration involving "the numerous categories of claims specifically listed in the Arbitration Agreement" and that the absence of the Nursing Facility Agreement was irrelevant.

{¶17}   Takoda asks this court to rewrite the terms of the Agreements. The clear language of the Agreements shows that for disputes to be arbitrable, they must "aris[e] out of, or [be] related to the Nursing Facility Agreement." The sentence containing the categories of claims begins, "These disputes include," and lists the different categories of disputes. The contract language—"These disputes include"—unambiguously relates back to the first sentence, which requires the claims to "aris[e] out of, or [be] related to the Nursing Facility Agreement." And absent the Nursing Facility Agreement, Takoda has failed to show what claims or disputes arise out of, or are related to, the Nursing Facility Agreement.

{¶18}   Although this case is different from *ACRS* because here there is no suggestion of an oral contract, the result is the same. Takoda specifically referred to a "Nursing Facility Admission Agreement" in arguing that the Carters' claims were subject to the Agreements. The plain and unambiguous language of the Agreements expressly limits arbitrable matters to controversies, disputes, disagreements, or claims "arising out of, or related to the *Nursing Facility [Admission] Agreement.*" That the Agreements list the categories of disputes subject to arbitration does not clear up the

8

only relevant question: which claims fall within the contract's express limitation that arbitrable claims must arise out of or be related to the Nursing Facility Agreement?

**{¶19}** Because Takoda failed to produce the entire contract upon which the arbitration agreement is based, the trial court had no option but to deny Takoda's motion to stay the proceedings and compel arbitration. We overrule Takoda's sole assignment of error. The remainder of Takoda's arguments are moot.

## Conclusion

**{¶20}** We are bound by the plain and unambiguous terms of the Agreements. Because Takoda failed to include a "Nursing Facility Admissions Agreement," this court has no way of determining what claims are subject to arbitration. We affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.