[Cite as *Barnhart v. Stanley*, 2025-Ohio-997.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Peter Barnhart, et al.                          Court of Appeals No.  E-24-031

    Appellants                          Trial Court No.  2024 CV 0095

v.

Brian Stanley, et al.                          **DECISION AND JUDGMENT**

    Appellees                          Decided:  March 21, 2025

* * * * *

Peter Barnhart, pro se, appellant.

Philip J. Truax and Sami Z. Farhat, for appellees.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal of the Erie County Court of Common Pleas order of May 2, 2024, staying the action for arbitration. Appellant, Peter Barnhart, challenges the order in his individual capacity only.

{¶ 2} On March 8, 2024, appellant and Barnhart Builders filed suit against appellees, Brian and Amber Stanley, and attached a copy of the contract between Barnhart Builders and the Stanleys as an exhibit to the complaint. The contract is captioned "Standard Form of Agreement Between Owner and Home Builder for

Construction of a Single Family Home" and is executed by Barnhart Builders as builder and Brian Stanley as homeowner. Article 6 of the agreement governs dispute resolution and provides for binding dispute resolution through arbitration, administered by the American Arbitration Association (AAA). The agreement further provides that "claims or counterclaims that do not fall within the AAA … Rules and Mediation Procedures; or involving more than two parties; or with issues of joinder or consolidation, shall be administered under the AAA… Rules in effect on the date of this Agreement."

{¶ 3} On April 15, 2024, appellees filed an answer to the complaint and a motion to stay the proceedings pending arbitration, pursuant to R.C. 2711.02(B), in accordance with the agreement between Barnhart Builders and appellees. On April 30, 2024, appellant filed a pro se motion seeking to strike appellees answer and strike the motion as untimely and opposing a stay for arbitration. The trial court denied appellant's motions to strike and granted the stay of proceedings.

{¶ 4} Appellant filed a notice of appeal from this decision. In his appeal, he asserts the following "propositions of law" in stating his assignments of error:

> Proposition of Law No. 1: The trial court erred when it referred Appellants' tort claims to arbitration because Appellants' tort action is distinguished from an action for breach of contract.

> Proposition of Law No. 2. The trial court erred when it referred Appellants' tort claims to arbitration pursuant to a contract which was absent a clear statement directing an arbitrator to hear the same.

> Proposition of Law No. 3. The trial court erred when it referred Appellant's Peter Barnhart's tort claims to arbitration pursuant to a contract that Appellant Peter Barnhart was not named a party in.

2.

Proposition of Law No. 4. The trial court abused its discretion when it permitted Appellee to file his untimely answer and motion to stay.

Proposition of Law No. 5. The trial court abused its discretion when it denied Appellants' motion to strike Appellees' untimely answer and motion to stay.

{¶ 5} As an initial matter, we note that Barnhart Builders did not appeal the trial court's decision regarding a stay for arbitration, and the time for appeal for Barnhart Builders has passed. Because appellant is not an attorney, he is precluded from representing Barnhart Builders in court, including on appeal. (Citations omitted) *Disciplinary Counsel v. Kafele,* 2006-Ohio-904, ¶ 15 ("[U]nauthorized practice occurs when a layperson renders legal services for another person or for a corporate entity by attempting to manage legal actions and proceedings before courts of law."). Accordingly, as to Barnhart Builders, the trial court's decision regarding arbitration became final, and is not subject to our review in the present appeal. *See Wigton v. Lavender,* 9 Ohio St.3d 40, 43 (1984) (judgment becomes final upon failure to perfect a timely appeal).

{¶ 6} We further note that appellant, individually, is not a party to the written agreement containing the arbitration provision. Instead, appellant argues that his individual claims are not subject to arbitration and he challenges the timeliness of appellees' answer and motion seeking a stay for arbitration. For ease of discussion, we address appellant's propositions of law out of order.

{¶ 7} In appellant's fourth and fifth propositions of law, he argues that appellees' response to the complaint was untimely, and therefore the trial court should have granted his motion to strike the untimely response, as well as his motion to strike appellees'

3.

motion seeking a stay for arbitration. The record demonstrates service of the complaint on appellees on March 16, 2024, evidenced by certified mail receipt, and the answer and motion to stay was filed on April 15, 2024. Under Civ.R. 12(A)(1), appellees had 28 days after receipt of service to file a responsive pleading. Additionally, Civ.R. 6(A) governs the calculation of the 28 days, providing, in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

Applying this computation, the date of service, March 16, does not count, and the 28th day falls on the second weekend in April 2024. April 15, 2024, the following Monday, was the deadline for filing a responsive pleading. Therefore, considering the record, appellees filed a timely answer and the trial court did not err in considering the motion for a stay for arbitration filed on April 15, 2024. Accordingly, appellant's fourth and fifth propositions of law are without merit and not well-taken.

{¶ 8} In his first, second, and third propositions of law, appellant argues the trial court could not stay his separate tort claims in staying arbitration. R.C. 2711.02(B) governs the stay for arbitration of claims, and provides:

> (B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement,

4.

provided the applicant for the stay is not in default in proceeding with arbitration.

Here, appellees sought a stay, pursuant to the agreement for arbitration between Barnhart Builders and appellee Brian Stanley, and the trial court granted the stay, staying all proceedings pending arbitration.

{¶ 9} To the extent that appellant argues he should not be subject to the stay for arbitration, and the trial court therefore erred, we find no error. R.C. 2711.02(B) provides that a court *shall* stay the *action*, pending arbitration of "the issue involved in the action" that is "referable to arbitration under an agreement in writing for arbitration[.]" Thus, "a trial court properly stays the entire action pending arbitration even if the action contains non-arbitrable controversies." (Citations omitted) *Cook v. Richard T. Kiko Agency, Inc.,* 2023-Ohio-552, ¶ 20 (7th Dist.). This stay, moreover, applies to the entire proceedings and "even claims involving nonsignatories to the arbitration agreement will be stayed under R.C. 2711.02(B)." *Raber v. Emeritus at Marietta,* 2016-Ohio-1531, ¶ 25 (4th Dist.), quoting *Jarvis v. Lehr,* 2014-Ohio-3567, ¶ 11 (1st Dist.) (additional citations omitted.). Accordingly, we find no error in the trial court's decision to stay the proceedings pending arbitration of arbitrable issues according to the agreement between Barnhart Builders and Brian Stanley. Appellant's first, second, and third propositions of law, therefore, are not well-taken.

5.

**{¶ 10}** Having found substantial justice has been done, we affirm the judgment of the Erie County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.         
_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.       
_____
CONCUR.                        
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.